## WINSLOW v. UNITED STATES.
### No. 8804.

United States Court of Appeals
District of Columbia

Argued Dec. 13, 1944.

Decided Feb. 5, 1945.

Mr.·Jordan R. Bentley, of Washington, D. C., for appellant.

Mr. Joseph H. San, of New York City, member of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Francis M. Shea, Assistant Attorney General, and Wilbur C. Pickett, Acting Director, Bureau of War Risk Litigation, Edward M. Curran, United States Attorney, and Fendall Marbury, Attorney, Department of Justice, all of Washington, D. C., were on the brief, for appellee. Mr. John J. Cummings, Bureau of War Risk Litigation, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This suit is brought by an infant as beneficiary of the war risk term insurance policy of a deceased war veteran. The policy had lapsed in the veteran's lifetime; but it had afterwards revived and matured, by reason of his total permanent disability, under section 305, World War Veterans' Act, 1924, as amended, 44 Stat. 799, 38 U.S.C.A. § 516. Thereafter, in his lifetime, the statutory period of limitations elapsed and suit on the policy was barred. Despite that fact, appellant argues that since she is an infant she is entitled to sue because section 19 of the World War Veterans' Act, 46 Stat. 992, 38 U.S.C.A. § 445, provides that "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities."

We agree with the District Court that this suit cannot be maintained. The quoted provision in favor of infants and other incompetent persons does not mean that such persons may bring suit without having a right or claim to sue on. Nor does this provision confer any right upon such persons. Its only effect is to keep alive such rights as they have or acquire. Since suit on the policy was already barred when the veteran died, appellant acquired no right as beneficiary of the policy. "The legislation and the policy do not confer two rights. The beneficiary's interest in the policy is derivative from that of the veteran." United States v. Towery, 306 U.S. 324, 330, 59 S.Ct. 522, 524, 83 L.Ed. 678.

Affirmed.