**HENDRICKS v. UNITED STATES.**

**Civ. No. 1541.**

United States District Court,
E. D. Tennessee, S. D.

Sept. 29, 1950.

Frazier, Roberts & Weill, Chattanooga, Tenn., for plaintiff.

Otto T. Ault, U. S. Atty., Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

In this action a recovery is sought by the beneficiary of a National Service Life Insurance policy.

The defendant has interposed a motion to dismiss and, in the alternative, for a summary judgment.

For the purpose of this decision the facts reflect that the insured, while in the military service of the United States, obtained the policy in question on April 26, 1945, designating the plaintiff as his beneficiary. The insured was discharged from the service on February 27, 1946. The premium on the policy was payable monthly. The last premium paid was the one due March 26, 1946. This extended the insurance, including the grace period, to May 27, 1946. This was the last date that the premium could have been paid. The insured died on August 4, 1948, without making application for a claim for waiver of the unpaid premiums. On November 3, 1948, the plaintiff did make application for waiver which was declined by the Board of Appeals, Veterans Administration, on May 6, 1949. While the policy was on a premium-paying basis, the insured became totally disabled and continued in such condition for six months or more. The insured was under sixty years old.

The decision is to be made upon a construction of the provisions for waiver of premiums under the National Service Life Insurance Act of 1940, as amended, being Section 602(n). Codified Section 802(n) of Title 38 U.S.C.A.

This section provides:

"Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: Provided, That upon application made within one year after the date of enactment of the Insurance Act of 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to the date of enactment of such Act which may be waived under the foregoing provisions of this subsection: Provided further, That the Administrator, upon any application made subsequent to one year after the date of enactment of the Insurance Act of 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the pol-

icy of insurance may be continued by payment of premiums as provided in said policy: Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or the enactment of this amendment, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."

The Act became effective August 1, 1946.

The premium became due and the disability began prior to August 1, 1946. Therefore, upon application made within one year after the date of the enactment of the Act, under the first proviso of the quoted section the Administrator could have waived the payment of this past due premium and other premiums accruing, but the insured did not make the application within this period of one year after August 1, 1946.

Under the second proviso, had the insured made the application for waiver, the Administrator could not have granted the waiver because the premium had been due more than one year prior to any date the application could have been made. This second proviso concludes with the words, "except as hereinafter provided". Upon this statement the plaintiff claims relief.

■ The "hereinafter provided" applicable to this case is contained in the last proviso. This provision allows the beneficiary to make a claim within one year after the death of the insured provided the insured has not made application for waiver and provided there is submitted "evidence of the insured's right to waiver under this section". The intention of this provision is that if the insured fails to file an application for waiver within the time that he had a right to file such application and there is evidence of this fact along with evidence of the other elements necessary for waiver, the beneficiary would have a year after death within which to file application.

There is no intention to give the beneficiary more rights than the insured had. The intention was to give the beneficiary more time to assert the rights the insured had. For example, if the insured had elements necessary for waiver and ten months had elapsed, the insured would have had only two more months in which to file application in order that the Administrator might have authority to waive the premium. But if the insured died at the end of ten months, the beneficiary would have a year thereafter to obtain authority from the Administrator to waive the premium which would have been past due for twenty-two months.

The right of waiver, under this section of the Act, is not absolute upon total disability but sets up only on application made. Therefore, the application is as necessary an element for waiver as the total disability.

■ The plain construction of the provisions of the Act under consideration is that if the insured had a right to waiver under Section 602(n) at the time of his death, the beneficiary is allowed one year thereafter to make application for the waiver, but if the insured had no right to waiver under Section 602(n) at the time of his death, the beneficiary has no right to waiver. In this case the insured did not have a right of waiver himself because he had not filed application for waiver within one year after August 1, 1946, nor within one year after the premium became past due. In fact the premium was past due more than two years at the time of his death.

The regulations of the Administrator follow the provisions of Section 602(n) of the Act concerning the matter under consideration. 13 Federal Register 7113, 38.-40, dated November 13, 1948; 13 Federal Register 7113-14, 38.41, dated November 13, 1948.

Being of the opinion that the insured was not entitled to waiver of premiums at the time of his death and that the beneficiary had no more rights than the insured, the one year given to the beneficiary to assert the insured's rights is of no avail in this case.

Therefore, the motion of the defendant is sustained and there will be a judgment accordingly.