## SCOTT v. UNITED STATES.
### No. 13467.

United States Court of Appeals
Fifth Circuit.
June 25, 1951.

Sanford M. Graham, Lester E. Wills, Meridian, Miss., for appellant.

Russell Chapin, William H. Allen, Ellen C. McDonald, and D. Vance Swann, Attorneys. Department of Justice, all of Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a summary judgment for the United States, defendant below, in an action for death benefits brought by Catherine Scott, the beneficiary named in a policy of National Service Life Insurance, No. 16,464,602, issued by the defendant upon the life of Sim Scott, Jr., now deceased, when he was inducted into the Armed Services of the United States.

The insured, Sim Scott, Jr., was born February 28, 1926. He was inducted May 1, 1944, discharged July 13, 1945, because of service connected disability, and died May 29, 1948, of pulmonary tuberculosis. Premiums on the policy were paid through July 31, 1945, by deductions from insured's

service pay. No premiums were paid thereafter.

On September 16, 1948, shortly after insured's death, and again in March, 1949, plaintiff below, as beneficiary, applied for a waiver of premiums under sec. 602(n) of the National Service Life Insurance Act, as amended August 1, 1946, 38 U.S.C.A. § 802(n), upon the ground that insured was continuously totally disabled from a date prior to the lapse of the policy to the date of his death, to which waiver she contended the insured would have been entitled upon his timely application therefor. This application was rejected by the Veterans' Administration because the insured, during his life time, permitted the policy to lapse for non-payment of premiums, and did not within one year after August 1, 1946, apply for a waiver of premiums, so that the insured himself having lost the right to a waiver by his own inaction, his beneficiary can not posthumously revive and exercise the right. The trial court sustained this interpretation of sec. 602(n) of the Act. The correctness of that ruling is the sole question presented by this appeal.

We are in accord with the interpretation placed upon sec. 602(n) of the Act by the Court below, and by District Judge Darr in Hendricks v. United States, D.C., 94 F. Supp. 142, rather than the contrary interpretation in Baker v. United States, D.C., 94 F.Supp. 350, and Jensen v. U. S., D.C., 94 F.Supp. 468. Cf. Weiss v. U. S., 2 Cir., 187 F.2d 610.

Premiums were paid on this policy by deductions from insured's service pay through July 31, 1945. Allowing the thirty-day grace period, the policy lapsed for non-payment of premiums on August 31, 1945, unless saved by appropriate action under some provision of the statute. In order for the insured himself to have secured a waiver of the premiums, it would have been necessary for him to apply therefor not later than August 1, 1947, that is, "within one year after the enactment of the Insurance Act of 1946." See the first proviso, 38 U.S.C.A. § 802(n). The insured died on May 29, 1948, more than one year after the effective date of the 1946 Act, without having applied for a waiver of the past due and unpaid premiums, so the policy lapsed on August 31, 1945, nearly three years before insured's death. Unless the beneficiary is entitled to revive it by waiver, there can be no recovery.

While the purpose of the 1946 Insurance Act was to liberalize the former Act, it was not intended to give the beneficiary greater rights than the insured had with respect to the waiver of premiums. The intention was merely to give the beneficiary more time within which to assert the rights which the insured had. Under the statute, the right of waiver is not self-executing upon the occurrence of disability, but operates only after application therefor is granted.

The second proviso of sec. 602(n) of the 1946 Insurance Act prohibits the waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of the application for the same (which would apply here) "except as hereinafter provided." The quoted exception undoubtedly refers to the third and fourth provisos found in the same section.

The third proviso authorizes the administrator to grant a delayed application for waiver of premiums, when he finds that the insured's failure to make timely application "was due to circumstances beyond his (insured's) control". Plaintiff endeavors to bring her case within this proviso, because the insured was a negro youth, of little or no education, a minor until February 28, 1947, suffering from advanced tuberculosis from the date of his discharge to the date of his death. These circumstances, however, especially when considered in connection with countervailing circumstances appearing in the pleadings,[1] are insufficient

1. From the date of his discharge until January 5, 1946, insured was at his home in Mississippi under treatment of local physicians. From the latter date until the date of his death he was under treatment in three Veterans' Hospitals and one civilian hospital in the southeastern part of the United States, where information and help was readily available to him had he requested it. While insured is said to be illiterate, he must have had a fair degree of intelligence, otherwise he would not have been accept-

to bring the case within the third proviso. Moreover, a claim that insured's failure was due to circumstances beyond his control is premature, as it has apparently never been submitted to, nor passed upon by, the Veterans' Administration.

In the event, as here, of the insured's death without filing application for waiver of premiums, the fourth proviso grants the beneficiary one year after the death of the insured within which to file application for waiver "with evidence of the *insured's* right to waiver under this section."[2] (Italics supplied.) It would have been impossible for the beneficiary to furnish evidence of "the insured's" right to waiver under sec. 602(n), as that right had ceased to exist August 1, 1947, ten months before insured's death.[3]

On the pleadings, no judgment other than one for the defendant could have been rendered.

Affirmed.

Swan, Circuit Judge, dissented.

ed in the Armed Services and given special training as a sharpshooter in the Marine Corps. There is no claim that insured had become mentally incompetent, nor that his mind had substantially deteriorated, since his discharge.

2. Clearly this word "section" refers to the entire sec. 602(n) of the Act, not merely to the fourth "proviso" alone, as is contended by plaintiff.

3. Plaintiff contends that insured's right to apply for waiver did not expire until February 28, 1948, one year after insured reached his majority, and not August 1, 1947, one year after the effective date of the Insurance Act of 1946. This contention is apparently based on the fourth proviso. But that proviso says that where the "beneficiary" (not the insured) is a minor or insane, the "beneficiary" shall have one year after the removal of such disability within which to apply for a waiver of premiums with evidence of the *insured's* right to waiver under sec. 602(n). Where the insured himself is effectually prevented by minority or insanity from submitting an application for waiver of premiums, he can secure relief under the third proviso, as for "circumstances beyond his control."