### UNITED STATES v. BAKER.
No. 4249.

United States Court of Appeals
Tenth Circuit.

Oct. 9, 1951.

Russell Chapin, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., D. Vance Swann, Attorney, Department of Justice, Washington, D. C., Scott M. Matheson, U. S. Atty., O. K. Clay, Asst. U. S. Atty., Salt Lake City, Utah, on the brief), for appellant.

Franklin Riter, Salt Lake City, Utah, for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This appeal is from a judgment of the court below in favor of Sara Ann Baker against the United States for the proceeds of a National Service Life Insurance policy issued on the life of Ansel F. Baker.

The insured, while in the military service of the United States, was issued a $10,000 policy of National Service Life Insurance effective October 10, 1944, and his mother, the plaintiff in this action, was designated as the principal beneficiary. The policy was in effect from the date of issuance to April 9, 1946. No premiums were paid thereafter and the policy lapsed on that date. The insured died on December 12, 1947, without having filed an application for waiver of premiums.

The plaintiff filed a claim for waiver of premiums with the Veterans' Administration on January 22, 1948. The Disability Insurance Claims Division and the Board of Veterans' Appeals of the Veterans' Administration denied the plaintiff's claim. The decision was based on findings that the insured had not made claim for waiver of premiums for total disability within one year after the discontinuance of the payment of premiums, and under the provisions of the Act the Administrator could "not grant waiver of any premiums becoming due more than one year prior to the receipt * * * of the application." No claim was made to the Veterans' Administration nor is it made here that the insured's failure to timely file a claim for waiver of premiums was due to circumstances beyond his control. It is conceded that at the time of his death, the insured had lost his right to apply for and obtain a waiver of premiums.

 The plaintiff alleged in her amended complaint that the insured was totally and permanently disabled from before April 9, 1946, until the date of his death because of his affliction with Hodgkin's disease. This question was submitted to the jury whose verdict was in favor of the plaintiff. The sole question presented is whether a beneficiary has the right to claim a waiver of premiums which right was not available to the insured at the time of his death. The right to such waiver is provided for in Title 38 U.S.C.A. § 802(n).[1]

1. 38 U.S.C.A. § 802(n): "Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: Provided, That upon application made within one year after August 1, 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to August 1, 1946 which

The last proviso of this section states that in case of death of the insured without having filed an application for waiver, the beneficiary may file the application "with evidence of the insured's right to waiver under this section." The application by the beneficiary must be made within one year after August 1, 1946, or the date of death of the insured, whichever is the later. The plaintiff contends that the 4th proviso should be construed without reference to the waiver provisions of the first three provisos, or in other words that the statute gives a beneficiary the right to file an application for premium waiver within one year after the death of the insured regardless of the time the policy lapsed. We do not believe that this is a reasonable construction and such a construction would be in direct conflict with express words in the proviso. The precise question was before the Fifth Circuit in Scott v. United States, 189 F.2d 863, 864, where it was said: "While the purpose of the 1946 Insurance Act was to liberalize the former Act, it was not intended to give the beneficiary greater rights than the insured had with respect to the waiver of premiums. The intention was merely to give the beneficiary more time within which to assert the rights which the insured had." We agree with this interpretation. See also, Hendricks v. United States, D.C.E.D.Tenn., 94 F.Supp. 142.

Judgment is reversed and the cause remanded with instructions to enter judgment for the United States.

may be waived under the foregoing provisions of this subsection: Provided further, That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or re-examination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."