## UNITED STATES v. COOPER et al.
### No. 11498.

United States Court of Appeals
Sixth Circuit.

Jan. 20, 1953.

Thomas E. Walsh, Washington, D. C., Holmes Baldridge, D. Vance Swann and Russell Chapin, Washington, D. C., David C. Walls and Charles F. Wood, Louisville, Ky., on brief, for appellant.

Waylon Rayburn, Murray, Ky. Nat Ryan Hughes, Murray, Ky., on brief, for appellees.

Before SIMONS, Chief Judge, and HICKS and McALLISTER, Circuit Judges.

SIMONS, Chief Judge.

The United States appeals from a judgment in favor of Myrtle Addie Cooper, the original plaintiff, and A. R. Raspberry, an intervener, for the recovery of death benefits under a policy of National Service Life Insurance granted to Ervin V. L. Raspberry while in the military service of the United States. It contended below, and contends here, that under the applicable statutes there was no right of action by the soldier's beneficiaries and their claim should have been dismissed.

A policy was issued to the insured in the sum of $5,000 in which his mother, Ada

Belle Raspberry, was designated as the principal beneficiary and his father, A. R. Raspberry, as a contingent beneficiary. On December 1, 1945, the policy lapsed for failure to pay the premium due November 1, 1945, and the expiration of the grace period. On February 27, 1947, the insured executed an application for its reinstatement in which he declared himself in as good health as he was on the due date of the defaulted premium; that he had not been ill, had contracted no disease and had not been prevented by reason of ill health from continuing his usual occupation, nor had he consulted a physician or surgeon for advice or treatment in regard to his health since the lapse of the insurance. In reliance upon these representations, the Veterans' Administration approved the application. Upon the trial, it was stipulated that the insured had been treated in the period involved for a severe heart lesion and that the application for reinstatement filed by him was false and fraudulent. On March 10, 1947, the insured made application to the Veterans' Administration for compensation due to disability resulting from service and it was granted on June 10, 1947, as for a 30% disability, retroactive to March 4, 1947. The Court found that the insured was totally and permanently disabled from September 13, 1945 until his death on November 25, 1947, and that the cause of death was coronary thrombosis due to hypertension and arteriosclerosis.

On May 19, 1947, the insured made a change of beneficiary whereby his mother and father would share the proceeds of the policy equally. On November 22, 1947, he made another change whereby the interest of his mother in the policy was transferred to Myrtle Addie Cooper. The plaintiff and the interveners filed claims with the Veterans' Administration for the death benefits, which were denied. Thereafter, Miss Cooper brought suit on the policy, alleging that the insurance was in full force and effect at the date of the insured's death and that by the change she became the insured's sole beneficiary. The parents intervened, contending that they were the last effectively designated beneficiaries and that the change of beneficiary to Cooper

was void because procured by fraud and deceit and because the insured was mentally incompetent to effect it; that, in any event, the purported change could apply only to the one-half interest in the insurance for which Ada Belle Raspberry had been designated as beneficiary. Following the answer of the United States setting up the affirmative defense of fraud in securing reinstatement, amended complaints were filed asserting that the insured should have applied for waiver of premiums instead of for reinstatement, and that such waiver should be granted. A motion to dismiss the amended complaints for the reason that they failed to state a cause of action was overruled. The cause was then submitted to the court upon the stipulation and documentary evidence upon the issue of continuous total disability of the insured and the right of the insured to a waiver of premiums. The court concluded that the insured was totally and permanently disabled from the date of the lapse of the policy until the date of death; that the beneficiaries had filed timely application for waiver of premiums pursuant to Title 38 U.S.C.A. § 802 (r); that the insurance was in force at the time of death because of waiver of premiums for continuous total disability, and that A. R. Raspberry and Myrtle Addie Cooper were each entitled to one-half of the death benefits, with interest thereon from the date of death. Neither the plaintiff nor the interveners have appealed and both support the judgment. The United States does not challenge the finding of total disability. It relies upon the statute by the terms of which it contends no waiver of premiums for continuous total disability may be granted for a period of more than one year prior to the death of the insured so that the claimed waiver is insufficient to permit a recovery.

The original complaint counted upon the reinstated policy. It would appear from the averments of the amended complaints and the stipulation that the application for reinstatement was false and fraudulent, reliance upon it has now been abandoned. Even were this not so, the facts of record, including the application for disability benefits, would have required a directed verdict

in favor of the appellant, on the ground of fraud. Pence v. United States, 316 U.S. 332, 62 S.Ct. 1080, 86 L.Ed. 1510. The suggestion in the briefs that the Veterans' Administration had knowledge of the insured's disability so that the United States could not have been misled to its detriment is unavailing. The service of the Veterans' Administration handling insurance matters is distinct from the services governing hospitalization and vocational rehabilitation and knowledge of what is contained in the files of the latter is not imputable to the insurance service which passes upon application for reinstatement, Raives v. Raives, 2 Cir., 54 F.2d 267; Halverson v. United States, 7 Cir., 121 F.2d 420, certiorari denied, 314 U.S. 695, 62 S.Ct. 412, 86 L.Ed. 556.

The case for the beneficiaries must, therefore, be considered, if at all, in the light of the provisions of the Act which permit a waiver of premiums, T. 38 U.S.C.A. § 802, subsections (n) and (r). Subsection (n) provides that application for waiver must be made within one year after August 1, 1946. The insured died on November 25, 1947, without having applied for a waiver of the past due and unpaid premiums. Subsection (r), however, entitles the beneficiaries to revive by waiver "In any case in which premiums are not waived under subsection (n) of this section solely because the insured died prior to the continuance of total disability for six months, and proof of such facts, satisfactory to the Administrator of Veterans' Affairs, is filed by the beneficiary with the Veterans' Administration within one year after September 30, 1944, or one year after the insured's death, whichever is the later date * * *." The only basis for waiver under this section is death prior to the continuance of total disability for six months. The undisputed facts in this case establish that the insured was totally disabled from the time of his discharge to the time of death, a period of over two years, and the District Judge so found. It is clear, therefore, that § 802(r) does not sanction a revival of the policy by waiver.

■■■■ But the appellees contend that they are entitled to revive the policy under § 802(n) even if the insured was not so entitled because subsection (n) contains a proviso: "That in any case which the administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, * * * may file application for waiver with evidence of the insured's right to waiver under this section." The United States concedes, for the purpose of this case, that the claims for insurance were filed in time and constitute a claim for waiver. There are, however, well considered cases which hold that the Act does not give the beneficiary any greater rights than the insured had with respect to the waiver of premiums, Scott v. United States, 5 Cir., 189 F.2d 863; Aylor v. United States, 5 Cir., 194 F.2d 968, decided May 13, 1952; United States v. Baker, 10 Cir., 191 F.2d 1004, decided September 11, 1951, and it has also been held that a false and fraudulent application for reinstatement, even though timely filed, can not be deemed to be an application for another type of reinstatement, Jones v. United States, 5 Cir., 106 F.2d 888, 890.

■■■■ Even were these cases not persuasive, our determination must be, on the present record, that § 802(n) is of no avail to the beneficiaries because there is no proof that the failure of the insured to make timely application for waiver of premiums, or to submit satisfactory evidence of total disability was due to circumstances beyond his control.

The District Court made a close study of the facts of record, leading to the finding that the insured was totally disabled from some period prior to his discharge to the date of death, but all the assembled facts relied upon point solely to physical disability. Such disability in and of itself is not sufficient to establish waiver of premiums

under the Act, Weiss v. United States, 2 Cir., 187 F.2d 610. The record discloses that nine months before his death, and during the period he was found to be totally disabled, the insured applied for reinstatement, which was granted; that eight months before his death he made application for disability compensation, and this was granted; that six months before his death he submitted a change of beneficiary; and that three days before his death he executed another change of beneficiary. The court's conclusion validating the change in beneficiary on May 19, 1947, whereby the successful intervener was granted a share of the death benefits must rest upon an inference that the insured was competent to make it. Its determination that Miss Cooper was entitled to recover because of a change in beneficiary made three days before the insured's death must rest upon a similar inference. The competency to seek reinstatement, to apply for disability benefits, and to change beneficiaries may not be squared with the claim of incompetency to apply for waiver of premiums. The court should have granted the motion to dismiss.

Reversed and remanded with instructions to dismiss the complaints.

Judge HICKS participated in the consideration of this cause but died before the opinion was prepared.