### FOX et al. v. UNITED STATES.
### No. 14161.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1953.

Rehearing Denied March 2, 1953.

H. J. Yarborough, Dallas, Tex., White & Yarborough, Dallas, Tex., for appellants.

Warren G. Moore, U. S. Atty., Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

Upon an agreed statement of facts, the court below denied appellants' right to recover the proceeds of a National Service Life Insurance policy of gratuitous insurance automatically granted to Jimmie B. Anderson while in the armed forces.

The controversy is bottomed on these facts: Jimmie B. Anderson while in the military service of the United States became totally disabled in the line of duty on January 28, 1942, and was admitted to the army hospital at Ft. Mills, Philippine

Islands. Thereafter, on or about May 6, 1942, he was taken prisoner by the Japanese. He was liberated on September 12, 1945, and was evacuated to the United States Naval Hospital at Oakland, California, where he arrived on October 8, 1945. Anderson remained in the hospital until he was discharged from the military service on March 20, 1946, on a report of a medical survey. He was continuously totally disabled from January 28, 1942, until his death on July 11, 1946. Anderson did not during his lifetime make application in writing for National Service Life Insurance. Under 38 U.S.C.A. § 802(d)(3)(A), as amended, he was automatically granted gratuitous life insurance in the sum of $5,000, but he did not at any time during his lifetime make application in writing for continuance of all or any part of such insurance as required by the statute. Appellant Nan N. Anderson is the surviving widow of Jimmie B. Anderson, and as such is entitled to the insurance benefits, if any, due on account of the death of Jimmie B. Anderson. That on June 30, 1947, Nan N. Anderson did file with the Veterans Administration of the United States, a claim for gratuitous insurance on the life of Jimmie B. Anderson and for waiver of premiums during the period of the disability of the veteran and on November 17, 1947, she was notified by the Veterans Administration of the disallowance of her claim for insurance benefits; that she appealed from the disallowance of her claim to the Board of Veterans Appeals, and her claim was disallowed by decision of the Board rendered November 26, 1948.

Disposition of the cause depends upon our interpretation of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq., which in pertinent part provides:

Section 802(d)(3)(A): "Any person in the active service who on or after October 8, 1940, and prior to April 20, 1942, becomes totally disabled as a result of injury or disease incurred in line of duty and such disability continues without interruption for a period of six months or until death intervening prior to the end of such six months'

period without having in force at time of incurrence of such disability at least $5,000 insurance issued under the War Risk Insurance Act, as amended, or the World War Veterans' Act 1924, as amended, or this chapter, shall be deemed to have applied for and to have been granted, effective as of the commencement of such total disability, national service life insurance in an amount which together with any such insurance then in force shall aggregate $5,000 and such gratuitous insurance shall continue in force without payment of premiums until six months after the insured ceases to be totally disabled or until one year after September 30, 1944, whichever is the earlier date: *Provided,* That such protection shall cease and terminate unless within such period such disabled person shall make application in writing for continuance of all or any part of such insurance and shall submit evidence satisfactory to the Administrator of entitlement to waiver of premiums under subsection (n) of this section or tender the premiums thereafter becoming due: *Provided further,* That waiver of premiums under subsection (n) of this section shall not be denied under this subsection on the ground that total disability commenced prior to the effective date of such insurance: * * *."

The narrow question presented is whether a policy of gratuitous insurance automatically granted under this section remains in force during the total disability of the insured if, as here, the insured fails to make an application in writing for continuance of the insurance prior to September 30, 1945, as required by the statute.

The appellant claims that the veteran was under no duty to make application in writing for continuance of the gratuitous insurance in force because the insured was totally disabled and entitled to waiver of premiums. In addition, appellant contends that under the provision of Title 38 U.S.C.A. § 802(n), insurance benefits in the amount of $5,000 are due appellant on account of her having filed on June 30, 1947, with the Veterans Administration a claim

therefor and for waiver of premiums during the life of the veteran. We agree with the appellee that these contentions are without merit.

■ In subsection 4 of the original amendment[1] to the National Service Life Insurance Act introducing gratuitous insurance Congress declared that one of the purposes of the premiums was to extend insurance benefits to men who "by reason of the suddenness with which war was thrust upon us, had not sufficient time to apply for such insurance prior to engaging in combat." In providing for gratuitous insurance it was never intended that such insurance protection should be self-perpetuating without limitation of time. By successive amendments Congress has each time made this plain by imposing a time limitation in making application for insurance continuance. Under subsection (d)(3) (A) this limitation was that such gratuitous insurance would continue in force without payment of premiums until six months after the insured ceased to be totally disabled or until one year after September 30, 1944, whichever is the earlier date. The provisions of this subsection are clear and unambiguous, and we think it plain that it was a condition precedent to a continuation of the gratuitous insurance beyond September 30, 1945, that Anderson should have prior to that date made application in writing for the continuance of such insurance and submitted evidence to the Administrator of entitlement to waiver of premiums under subsection (n). This Anderson failed to do and in consequence the insurance expired on September 30, 1945, and was not in force and effect at the time of his death on July 11, 1946.

■ Section 802(n) which permits the policy to remain in force by waiver of premiums under certain conditions therein specified has no pertinency here. It applies only to the usual policy kept in force under premium-paying conditions. Section 802(n) specifically provides that the disability must have commenced "(2) while the insurance was in force under premium-paying conditions". It has no application to gratuitous insurance which does not require payment of premiums.

■ The plain terms of the statute compel the conclusion that the gratuitous insurance of Jimmie B. Anderson ceased and terminated on September 30, 1945, and as the insured lost his right to file for waiver of premiums after that date so also did the beneficiary lose that right. Scott v. United States, 5 Cir., 189 F.2d 863; United States v. Baker, 10 Cir., 191 F.2d 1004.

The judgment of the district court was right and it is affirmed.

RIVES, Circuit Judge (dissenting).

Anderson, while a member of the armed forces, became totally disabled on January 28, 1942 and remained continuously so disabled until his death on July 11, 1946. From May 6, 1942 to September 12, 1945 he was a prisoner of the Japanese. On July 11, 1942 and again on September 30, 1944, while Anderson was such a prisoner, Congress amended the provision under which he had been granted automatic gratuitous life insurance so as to require a written application for the continuance of the insurance, 56 Stat. 657 and 58 Stat. 762. As last amended the statute reads as quoted in the Court's opinion, 38 U.S.C.A. § 802(d)(3) (A). The Court now holds that, within eighteen days after he was liberated from the Japanese prison and before he could be evacuated to a hospital in the United States, Anderson must have become acquainted with all of his legal rights, including the changes enacted by Congress while he was in prison, and must have forwarded an application in writing for the continuance of his insurance to which admittedly he would have been entitled without further payment of premiums.

Of course, if the law requires such a harsh ruling, there is nothing to be said except to express our regrets. Usually, however, the law is not so unreasonable, and I do not think that it is so in this instance when all of the pertinent statutes are read together. Section 802(d)(3)(A) providing for the automatic gratuitous insurance refers in two places to the waiver

---

1. Public Law 360, 77th Congress, 38 U.S. C.A. § 802(d) (4).

of premiums under subsection (n). It would seem clear, therefore, that subsection (n) applies to such gratuitous insurance. Subsection (n) is the later expression of the will of Congress, having been amended August 1, 1946, while subsection (d)(3)(A) was last amended September 30, 1944. Under subsection (n) the application for waiver of premiums might be made within one year after August 1, 1946, and subsection (n) permits the filing of the application for waiver by the beneficiary in the event of the prior death of the insured. The veteran's widow and beneficiary actually filed such an application on June 30, 1947, within the time allowed by subsection (n). The Court holds that subsection (n) has no application to gratuitous insurance, because of its provision that the disability must have commenced "(2) while the insurance was in force under premium-paying conditions". That reasoning is refuted, I think, by the direct reference heretofore noted in subsection (d)(3)(A) to subsection (n). Subsection (n) is expressly made applicable to gratuitous insurance where the total disability commenced prior to the effective date of such insurance and hence no premium was *ever* payable. "Premium-paying conditions", therefore, does not restrict the application of subsection (n) to the usual policy upon which premiums are actually being paid. That construction is negatived also by the main clause of subsection (n) reading "payment of premiums on *such insurance* may be waived during the continuous total disability of the insured" (emphasis supplied). "Such insurance" covers all of the types of insurance described in preceding subsections including the gratuitous insurance described in subsection (d)(3)(A). The provision "(2) while the insurance was in force under premium-paying conditions" refers to the time when the insured's disability commences, not to the types of insurance covered. "Premium-paying conditions" means simply conditions under which payment of premiums or waiver of such payment would continue the policy in force, and that applies to gratuitous insurance. If, prior to August 1, 1947, a veteran with gratuitous insurance either

commenced payment of premiums or established his right to a waiver of premiums, it seems to me that his gratuitous insurance would continue in effect. I do not think that Congress was faint hearted in its gratitude toward combat veterans, or that it intended to put veterans with gratuitous insurance in any less advantageous position than veterans who had "sufficient time to apply for such insurance prior to engaging in combat". Subsection 4, Public Law 360, 77th. Congress. Neither of the cases cited in the Court's opinion militates to the contrary. I, therefore, respectfully dissent.

Rehearing denied; RIVES, Circuit Judge, dissenting.