### CAIN v. UNITED STATES.
#### Civ. A. No. 3958.

United States District Court
W. D. Louisiana, Shreveport Division.
Nov. 17, 1953.

Wm. B. Hamilton, Dimick & Hamilton, Shreveport, La., for plaintiff.

T. Fitzhugh Wilson, Mason P. Gilfoil, Shreveport, La., for defendant.

DAWKINS, Jr., Chief Judge.

This is a case which strongly appeals to the sympathy of the court.

Plaintiff is the widow, since re-married, of a soldier in the United States Army who was captured in the Philippines and imprisoned by the Japanese during World War II. He was taken prisoner in early 1942 and endured the "Bataan Death March", as well as other forms of torture. While he was held in various Japanese prison camps, probably due to inhuman treatment and lack of proper food, he developed beri-beri. After being honorably discharged from the Army, he allegedly continued to suffer from this, and related diseases, from which he died on March 19, 1951.

We genuinely wish we could decide this case in plaintiff's favor. Regrettably, however, we find it legally impossible to do so.

The suit is brought under the National Service Life Insurance Act.[1] Decedent entered the service October 9, 1939, and was discharged June 12, 1946. Some time after his entry he applied for, and was granted, $10,000 in life insurance, effective January 1, 1942, shortly after the Japanese invasion of the Philippines had begun. Plaintiff was regularly designated as his beneficiary. All premiums due were paid, probably by allotment from his service pay, until April 30, 1942, at which time he was a prisoner of war, since Corregidor had fallen, and General Wainwright had surrendered, about April 1, 1942.

According to the complaint, premiums were waived "by reason of total disability from May 1, 1942 through February 28, 1946". Premium payments were resumed March 1, 1946, and were paid through June 30, 1946. No further payments were made.

It is alleged that decedent was continuously totally disabled throughout the period from the beginning of his imprisonment until his death; that he made application before his death, and plaintiff applied afterward, for waiver of premiums because of his total disability; that these applications were wrongfully denied; that plaintiff applied for payment of the benefits due under the policy and her application has been denied administratively with finality; and that, accordingly, as she prays, she is entitled to be paid the full $10,000 she sues for here.

Defendant has moved to dismiss. It attaches to its motion the affidavit of the assistant United States Attorney to the effect that, according to the Veterans' Administration file, the application for premium waiver was not made by decedent until March 29, 1950, nearly four years after the insurance had lapsed on July 1, 1946. No counter affidavits, or allegations negativing this, have been filed. Plaintiff's counsel, instead, has contented himself by standing squarely on the proposition that as a matter of law premiums were waived automatically by virtue of decedent's continuous total disability so as to keep the insurance in force.

 With this we cannot agree. Section 802(n) of Title 38 U.S.C.A. is the controlling law. In pertinent part, it reads as follows:

"Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: * * * Provided further, That the Administrator, upon any application made subsequent to one year after the date of enactment of the Insurance Act of 1946 [2], *shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same,* except as hereinafter provided.

---

1. 38 U.S.C.A. § 801 et seq. 2. August 1, 1946.

**152**

Any premiums paid for months during which waiver is effective shall be refunded. \* \* \* Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, \* \* \* may file application for waiver with evidence of the insured's right to waiver under this section. \* \* \*" (Emphasis supplied.)

This provision was construed in Hendricks v. United States, D.C.1950, 94 F. Supp. 142, in connection with a claim that the waiver was automatic. The Court said, 94 F.Supp. at page 144:

"The right of waiver, under this section of the Act, is not absolute upon total disability but sets up only on application made. Therefore, the application is as necessary an element for waiver as the total disability."

And in Scott v. United States, 5 Cir., 1951, 189 F.2d 863, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L.Ed. 660, by which decision we are bound, the Court said:

"Under the statute, the right of waiver is not self-executing upon the occurrence of the disability, but operates only after application therefor is granted." 189 F.2d at page 864.

■ It can be seen from this that, in order for the decedent to keep his policy in effect without payment of premiums after June 30, 1946, he must have made application for waiver of premiums within one year from the effective date of the Insurance Act of August 1, 1946, or before August 1, 1947. Plaintiff claims that an application was made by decedent for waiver of premiums, but does not allege the date when this application was made. The affidavit supporting the Motion to Dismiss supplies this date—March 29, 1950. Since the application was made too late for the Veterans' Administration to waive the premiums, it could only refuse the application.

Nor does the fact that the beneficiary made application for waiver within one year from the date of the insured's death alter the situation. Huckaby v. U. S., 5 Cir., 1952, 196 F.2d 307; Scott v. U. S., supra.

The Motion to Dismiss, here treated, in connection with the affidavit mentioned, as a motion for summary judgment, F.R.C.P. Rule 12(b), 28 U.S.C.A., must be and is hereby sustained.