**Connie Nell LEWIS and Juanita Gibson Lewis, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 14939.**

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1954.

John P. Koons, Dallas, Tex., for appellants.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Filed on May 22, 1953, by Juanita Gibson Lewis, the widow and principal beneficiary of Harvey C. Lewis, who died on June 11, 1945, on behalf of herself and as next friend for their minor child, Connie Nell Lewis, his contingent beneficiary, the suit was brought to recover total disability benefits provided for in National Life Insurance Company policy No. N-15-931-199 issued to deceased on March 24, 1944.

The claim, a double barrelled one, was: that at the time of assured's death on June 11, 1945, he was, and had been since February 23, 1945, when the policy was in force by payment of premiums, totally and permanently disabled, and the policy was therefore in full force and effect; that on July 8, 1945, Juanita Lewis, as widow and principal beneficiary, inquired of the Veterans Administration regarding the insurance policy and thereby in effect made a claim at once for the proceeds of the policy and for waiver of premiums under Sec. 802 (r) of the National Service Life Insurance Act of 1940, as amended;[1] that in response to her inquiry she was advised that the policy had lapsed when in truth and in fact by virtue of Section 802(r) above, the insurance was in full force and effect; that in 1950, she requested a reopening of the claim, and on August 13, 1951, she filed on behalf of the minor, the contingent beneficiary, a claim under the policy for total disability and the claim was on September 9, 1952, denied; that the interest of said minor beneficiary accrued on the date of the death of the insured, and if it be held that she, as principal beneficiary was culpably negligent in not prosecuting her claim and

that it is barred, the claim and right of the minor contingent plaintiff, because of her continuing minority, persists as valid and undefeated by laches, limitation or other bar.

The defenses were: failure of the complaint to state a recoverable claim; a denial that the mere inquiry about the policy made by the principal beneficiary in 1945 was or could have been a claim for waiver of premiums or for the proceeds of the policy and if it was the latter, the reply by the Veterans Administration on February 28, 1946, was a denial of such claim; an admission that a claim was filed in 1951 on behalf of the minor contingent beneficiary; and an allegation that the principal beneficiary being still in life, the contingent beneficiary had and has no interest entitling her to make a claim or sue upon it.

The issues thus joined and the facts stipulated, plaintiffs urged upon the district judge: that Sec. 802(r), supra, was self operating; that the admitted facts established compliance therewith and protected the rights of both principal and contingent beneficiary and that the minority of the contingent beneficiary protected and preserved her right to sue.

The defendant, on the other hand, insisted: that Sections 802(r), supra, and 802(n), Title 38 U.S.C.A., requiring an application for waiver of premiums, must be considered together and as requiring in this case a timely application by the principal beneficiary for waiver of premiums; that, so considered, the evidence furnishes no basis for the judgment sought; and that the principal beneficiary's failure to present a claim for waiver of premiums within one year after insured's death and her failure to

---

1. 38 U.S.C.A. § 802(r): "In any case in which premiums are not waived under subsection (n) of this section solely because the insured died prior to the continuance of total disability for six months, and proof of such facts, satisfactory to the Administrator of Veterans' Affairs, is filed by the beneficiary with the Veterans' Administration within one year after September 30, 1944, or one year after

the insured's death, whichever is the later date, his insurance shall be deemed to be in force at the date of his death, and the unpaid premiums shall become a lien against the proceeds of his insurance: Provided, That if the beneficiary be insane or a minor, proof of such facts may be filed within one year after removal of such legal disability."

bring an action within the six years limited by 38 U.S.C.A. § 445,[2] has completely barred the right to sue.

The district judge, agreeing with the defendant, gave judgment accordingly.

Appealing from this judgment on an agreed statement of facts,[3] plaintiffs are here insisting that in so doing the district judge erred.

We do not think so. On the contrary, we are of the clear opinion that upon the facts agreed to and under the authority of the controlling cases,[4] the record wholly fails to support appellants' conten-

2. " * * * no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities. * * * "

3. 1. The United States of America issued National Service Life Insurance Policy, Policy No. N-15-931-199 in the amount of $10,000.00 to Harvey C. Lewis, husband of Juanita Gibson Lewis and father of Connie Nell Lewis.

2. Said policy was issued on the 24th day of March, 1944.

3. Said policy was payable in event of the insured's death to Mrs. Juanita Gibson Lewis.

4. Connie Nell Lewis was the contingent beneficiary named under said policy.

5. The insured died on June 11, 1945, as a result of a self-inflicted gun shot wound.

6. The premiums on the policy were paid through January 23, 1945.

7. The insured was totally disabled from February 23, 1945 to June 11, 1945, and such total disability was a service connected one and was so ascertained by the defendant's pension board on August 2, 1951.

8. A National Service Life Insurance Policy does not lapse for non-payment of premiums due until after the expiration of thirty-one days from the date the premium was due.

9. The insured was discharged from active military service Dec. 7, 1944, on account of dependency; the discharge papers reflect no indication of the existence of any disability.

10. At no time during the insured's lifetime did he file a claim for waiver of premiums.

11. The Veterans' Administration received inquiry from Juanita Lewis Gibson, plaintiff-appellant dated July 8, 1945, regarding National Service Life Insurance Policy No. N-15-931-199 a copy of which letter is attached hereto and entitled "Exhibit A", and in response to said letter the Veterans' Administration advised the said plaintiff-appellant that the said premiums on said policy were paid through January 23, 1945, but that the insurance lapsed for non-payment of premiums thereafter.

12. Connie Nell Lewis, plaintiff-appellant was born May 16, 1934.

13. On August 5, 1945, the said Juanita Gibson Lewis filed a claim for a death pension, which was denied May 21, 1946, and the answer to a specific question on the form submitted by her at that time contained a statement that she was not filing and had not filed a claim for government insurance.

14. Juanita Gibson Lewis filed claim for burial allowance which was subsequently denied on August 13, 1947.

15. On August 13, 1951, the said Juanita Gibson Lewis, for and on behalf of the minor contingent beneficiary, Connie Nell Lewis, filed a claim for total disability and benefits under the National Service Life Insurance Act on Veterans' Administration form 9-357c, Policy No. N-15-931-199.

16. Administrator's decision, Veterans' Administration No. 916, dated Sept. 29, 1952, denied the claim for insurance filed on Form 9-357c dated Aug. 13, 1951, by Juanita Gibson Lewis for and on behalf of Connie Nell Lewis, then a minor.

17. Juanita Lewis was under the age of 35 years at the time of the death of the insured.

4. Cain v. United States, D.C., 116 F.Supp. 150; Fox v. United States, 5 Cir., 201 F.2d 883; Scott v. United States, 5 Cir., 189 F.2d 863, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L.Ed. 660; Stephens v. United States, D.C., 85 F. Supp. 620; United States v. Cooper, 200 F.2d 954; United States v. Roberts, 5 Cir., 192 F.2d 893.

tion that under the provisions of Sec. 802 (r) the policy was automatically kept in force. We are, therefore, of the further opinion that the failure of the principal beneficiary to apply for waiver of premiums and her failure to make a timely claim and to bring suit within the time limited in 38 U.S.C.A. § 445, prevents the bringing and maintenance of this suit.[5]

The judgment is affirmed.

RIVES, Circuit Judge (specially concurring).

I concur in the result because I think that the contingent beneficiary has no present rights under the policy, and that the action of the principal beneficiary is barred because not brought within the time limited in 38 U.S.C.A. § 445.

---

5. Cf. U. S. v. Barker, 5 Cir., 70 F.2d 1002; McDonald v. Hovey, 110 U.S. 619, 4 S.Ct. 142, 28 L.Ed. 269; De Arnaud v. United States, 151 U.S. 483, 14 S.Ct. 374, 38 L.Ed. 244; Winslow v. United States, 79 U.S.App.D.C. 366, 147 F.2d 157; Dowell v. United States, 5 Cir., 86 F.2d 120.