John Henry **KIRKENDOLL** and Mary Alice Kirkendoll, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

No. FS-42.

United States District Court
D. Kansas.

July 1, 1955.

P. E. Nulton and R. L. Letton (of Nulton & Letton) Pittsburg, Kan., for plaintiffs.

Milton P. Beach, Asst. U. S. Atty., Topeka, Kan., for defendant.

MELLOTT, Chief Judge.

The instant suit was brought to recover under a National Service Life Insurance policy, which, prior to the death of the insured, had lapsed for non-payment of premiums.

The parties have stipulated that the issues shall be determined "upon the deposition of Dr. C. F. Young [a physician and surgeon who had examined and treated the insured], and the following agreed statement of facts:"

Findings of Fact

"1. Plaintiffs are residents of and their correct post office address is Weir, Cherokee County, Kansas, are the father and mother, respectively, of John Clyde Kirkendoll, deceased, were designated beneficiaries of National Service Life Insurance Policy, Certificate No. N–18 905 291, issued on the life of John Clyde Kirkendoll on May 21, 1945, insuring the life of said John Clyde Kirkendoll for the principal sum of $10,000.00, and that as parents and beneficiaries, said plaintiffs had an insurable interest in the said insured, and said plaintiffs are entitled to the proceeds if any are adjudged to be due in this action.

"2. That said John Clyde Kirkendoll, hereinafter referred to as the Insured, entered the United States Navy on May 2, 1945, and was discharged from said service on July 13, 1946, his Certificate of Discharge being quoted: 'rt. varicocele, no disability'.

"3. That all premiums due on said policy were paid until the premium due on October 21, 1946, which was not paid when due, and the said policy lapsed at 12 o'clock midnight on November 21, 1946, for said default in payment of premium.

"4. That on May 1, 1947, Insured was operated on by Dr. C. F. Young, a duly qualified, licensed and practicing physician and surgeon at the Newman Young Clinic, Fort Scott, Kansas, and Insured was found by Dr. Young to be suffering from a malignant teratoma or adenocarcinoma of the right testes.

"5. That on July 9, 1947, Insured made application to the proper authorities of the Veterans Administration for reinstatement of said policy by his completing, executing and delivering to said Veterans Administration its form No. 353A. That at the time of said application for reinstatement the Insured represented therein that he was on said date, July 9, 1947, in 'as good health as' he was on the due date of the first premium in default, October 20, 1946; that on the last mentioned date the Insured was suffering from the above described malignant and cancerous condition, and insured continued to suffer from said disease and infirmity and was subject thereto on July 9, 1947, the date of said application for reinstatement; that said application for reinstatement was disallowed and rejected by the Director of Insurance Service of the Veterans Administration on October 13, 1947, for the stated reason that 'insured had undergone an operation on April 30, 1947, for teratoma, right testes'.

"6. That at the time of the above mentioned application for reinstatement Insured tendered therewith the required premium for reinstatement of said insurance and thereafter made proper tender of subsequent

premiums on said policy of insurance, as the same became due and before delinquent; that insured was advised of the rejection of his application for reinstatement by letter of October 13, 1947, from E. J. Joseph, Director of Insurance Service, Veterans Administration, which letter contains the following:

" 'Reference is made to your application for reinstatement of $10,000 National Service Life Insurance submitted under date of July 9, 1947.

" 'We regret to advise that your application has been rejected since you underwent an operation on April 30, 1947, for Teratoma, right testes, which has not been rated as having been incurred in service.'

That thereafter tender of refund of the aforementioned premiums tendered by insured in connection with his application for reinstatement was made by Treasury Department Voucher No. 8 710 970 dated November 14, 1947, and in the amount of $44.80.

"7. That in insured's application for reinstatement of said policy of life insurance, dated July 9, 1947, and on Veterans Administration Form No. 353A, it was stated by Insured that he had been employed as a Sales Clerk for Montgomery Ward and Company's retail store at Fort Scott, Kansas, from and after September 23, 1946, at an agreed wage of $170.00 per month, and that during the period since his employment, September 23, 1946, to the date of said reinstatement application, July 9, 1947, he had been absent from his work, by reason of his physical inability, a total period of two months and fourteen days.

"8. Insured died September 28, 1948, from the teratoma above described.

"9. That plaintiffs made claim and proof of death but that the Veterans Administration has denied plaintiffs' claim and a disagreement

within the meaning and terms and provisions of the National Service Life Insurance Act, (38 U.S.C. Sec. 817, as amended) exists between plaintiffs and the Veterans Administration."

Additional facts, gleaned from the deposition of the Doctor, are:

(a) On the date of his discharge from the military service, July 13, 1946, Insured was suffering from an ultimately fatal condition, described as malignant teratoma, or adenocarcinoma, right testes, which grew progressively more disabling until by April 25, 1947 he was from 25% to 50% disabled, and after the operation of May 1, 1947 he was permanently, totally disabled.

(b) The teratoma did not develop from the "right varicocele" condition noted on the Insured's Certificate of Discharge, but was an independent condition which had its inception in the same event, i. e., an injury to the testes and scrotum of the Insured, suffered when he fell while aboard ship during his navy service.

(c) Removal of the teratoma by surgery on May 1, 1947 did not eliminate all of the malignant cells from the Insured's body and, as a result, the cancerous growth recurred, necessitating a subsequent operation during the latter part of June, 1947, which failed, also, to stop the progress of the disease.

In addition to the facts shown above, an affidavit of an Assistant United States Attorney for the District of Kansas states that a review of the file of the Veterans Administration discloses:

" * * * Insured executed an application for waiver of premiums which was received by the Veterans Administration on February 16, 1948, more than one year after the date of lapse. On the basis of that application the Disability Insurance Claims Division of the Veterans Administration determined insured to have become totally disabled on April 30, 1947, but that inasmuch as the insurance had lapsed prior to that date the claim for waiver was denied.

"* * * No appeal was taken from that decision. * * *" ·

## Opinion

The basis of plaintiff-beneficiaries' claim is that they are entitled to retro-active waiver of all premiums in default under Section 602(n) of the National Service Life Insurance Act of 1940.[1] That section, in presently pertinent part, provides:

"Upon application by the insured and under such regulations at the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: * * * Provided [secondly], That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. * * * Provided [thirdly], That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided

further [fourthly], That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured * * * may file application for waiver with evidence of the insured's right to waiver under this section. * * *"

Although a "claim and proof of death" was submitted to the Veterans Administration by the plaintiffs within one year following the death of the insured, more than one year had elapsed since the insured paid, and the Administrator had accepted, any premiums. The courts have frequently stated that the "fourth proviso" of the section, supra, confers no greater right on the beneficiaries than the insured had at the time of his death.[2] It has also been stated that the right to waiver of premiums is not self-executing upon the occurrence of disability, but operates only after application for waiver is granted.[3] The insured's application for waiver, received by the Veterans Administration on February 16, 1948, was not timely inasmuch as no premium payments had been made within the preceding year. The Administrator was therefore prohibited by the "second proviso" of the section, supra, from granting the application unless he found that the failure to make timely application was due to circumstances beyond the control of the insured as contemplated by the "third proviso" of the section. No appeal was taken from the denial by the Administrator of the application as could have been done if the insured was not satisfied with that decision.

■ The plaintiffs' right to retroactive waiver of premiums is contingent upon proof that the insured's failure to make timely application for waiver of premiums was due to circumstances beyond

1. 54 Stat. 1011, as amended, 38 U.S.C.A. § 802(n). The "third proviso" of the section was added by amendment, through the Act of July 11, 1942, 56 Stat. 657.

2. Landsman v. United States, 92 U.S.App. D.C. 276, 205 F.2d 18; Aylor v. United States, 5 Cir., 194 F.2d 968; United States v. Baker, 10 Cir., 191 F.2d 1004;

United States v. Cooper, 6 Cir., 200 F.2d 954; Scott v. United States, 5 Cir., 189 F.2d 863, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L.Ed. 660; Huckaby v. United States, 5 Cir., 196 F. 2d 307.

3. Scott v. United States, supra; United States v. Cooper, supra.

his control. If the insured had no right at his death to such waiver because of his unexcused failure to make timely application, there is no right that the beneficiaries can posthumously revive and exercise.[4]

Generally, the courts have been unable to find circumstances beyond the insured's control when his failure arose from conditions or circumstances other than mental incapacity.[5] In a few cases, however, it has been held that his ignorance of the existence or seriousness of his injury or disease might constitute a circumstance beyond his control within the meaning of the proviso.[6]

In a very recent case [7] it was held that lack of knowledge of his true condition by the insured, "induced by the affirmative humane acts of Veterans' Administration doctors" would constitute such a circumstance; but the court was careful to leave open a case in which existence of the fact of fatal illness had been withheld from the veteran by his private physician.

In the instant case, there is not sufficient evidence to enable this court to find that the insured, at the time of his death, had a right to waiver of premiums. This conclusion makes it unnecessary to decide whether the continuous total disability suffered by the insured "commenced * * * while the insurance was in force under premium-paying conditions, * * *."

While the plaintiffs have relied primarily upon an alleged right to retroactive waiver of all unpaid premiums as a means of preventing lapse of the policy, they have also contended that the Director of Insurance erroneously disallowed and rejected the application for reinstatement of the policy made by the insured on July 9, 1947. The application was not one for waiver of premiums and the policy was not reinstated, revived, or continued in force by the application.

The Circuit Court for this (the Tenth) Circuit, in United States v. Fitch,[8] held that a district court does not have jurisdiction over an action on a lapsed policy. "The United States may be sued only in cases plainly within the terms of the authorizing statute and the courts cannot go beyond the letter of the consent given. * * * The consent statute here permits a suit only 'In the event of disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder'. 38 U.S.C.A. § 445. A suit on a lapsed policy is not within the consent given." Idem 185 F.2d at page 474.

In the instant case the court has entertained jurisdiction primarily for the purpose of determining whether there was in force a policy of insurance on the life of John Clyde Kirkendoll. Having found that the policy in question had lapsed and is not now in force, it follows that the action must be dismissed for lack of jurisdiction. Order so providing is this date being entered.

4. Scott v. United States, supra.

5. United States v. Baker, supra; Scott v. United States, supra; Horton v. United States, 5 Cir., 207 F.2d 91, certiorari denied 346 U.S. 903, 74 S.Ct. 233, 98 L. Ed. 403.

6. Landsman v. United States, supra; United States v. Myers, 8 Cir., 213 F.2d 223.

7. Kershner v. United States, 9 Cir., 215 F. 2d 737, 740.

8. 185 F.2d 471. See also United States v. Christensen, 10 Cir., 207 F.2d 757; Rowan v. United States, 3 Cir., 211 F.2d 237; Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852.