**BAKER v. UNITED STATES.**
Civ. No. 1809.

United States District Court
D. Utah, Central Division.

Dec. 1, 1950.

Franklin Riter, Salt Lake City, Utah, for plaintiff.

O. K. Clay, Asst. U. S. Atty., Salt Lake City, Utah, for defendant.

RITTER, District Judge.

This is an action to recover upon a National Service Life Insurance certificate issued to a veteran of 'World War II. It is brought by the veteran's mother, who is the beneficiary.

The questions of law to be dealt with in this opinion were raised by the Government's Motion for Summary Judgment before trial, Motion for Directed Verdict during trial, and Motion for Judgment Notwithstanding the Verdict, after trial. Hence, for the purpose of disposing of these Motions, the pleadings and the evidence are to be viewed most strongly against the Government.

The veteran was discharged from the armed forces on February 12, 1946. He paid the premiums on his insurance through April 9, 1946. And, it is admitted that no premiums were paid thereafter. It is also admitted that the veteran at no time in his

lifetime made application for waiver of premium.

The veteran died December 12, 1947. And, the beneficiary, on January 22, 1948, filed her application with the Veterans' Administration for waiver of premium.

Under certain circumstances the payment of premiums on National Service Life Insurance may be waived.[1] That section provides as follows: "Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: Provided, That upon application made within one year after August 1, 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to August 1, 1946 which may be waived under the foregoing provisions of this subsection: Provided further, That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or re-examination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: Provided further, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: And provided further, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, which ever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."

The plaintiff claims she is entitled *as beneficiary* to a waiver of premiums under this section.

In support of this claim she produced evidence that tends to prove that the insured had (1) a "continuous total disability", (2) which commenced "while the insurance was in force under premium-paying conditions", and (3) which "continued for six or more consecutive months", indeed, which continued until the veteran's death. (No issue is raised, and hence for all purposes here it is assumed, that the disability arose after insured applied for insurance and prior to his sixtieth birthday.)

Plaintiff's evidence shows that for several months before his insurance lapsed on April 9, 1946, the veteran suffered from Hodgkins disease, which is a malignant disease of the lymph system, similar to cancer. At all times during the period between the date of his discharge, February 12, 1946 and the date of his death, December 12, 1947, he suffered, with increasing intensity, the ravages of that disease. He was confined to his bed for frequent and extended periods of time. When the attacks were upon him he ran temperatures of 105 degrees, suffered nausea and was weak and nervous and unable to eat. He

1. Section 802(n), Title 38 U.S.C.A.

could not work, though he tried for short times. He was distressed and worried about his condition, sensitive and reluctant to discuss the manifestations of the disease in the lymph glands of his neck.

From this evidence a finding was fairly and reasonably warranted that the veteran was incapable of pursuing with reasonable regularity any substantially gainful occupation, which is the Veterans' Administration definition of "total disability". Similarly, a finding was warranted that the disability commenced on or before April 9, 1946, and was reasonably certain to continue throughout the lifetime of the veteran, which is the Veterans' Administration definition of "continuous disability". These issues were submitted to the jury which returned a verdict for plaintiff.

There are four principal contentions which have been raised in these proceedings. For clarity, they are first stated briefly as follows:

1. The essence of the plaintiff's claim is, that the language in the fourth proviso of Section 802(n), "with evidence of the insured's right to waiver under this section", should be construed to refer to this section with the three provisos which place a time limit upon the insured's right to waiver excluded.

The government contends, however, that the word "section" in the clause "with evidence of the insured's right to waiver under this section", should be construed to refer to the whole section including the provisos placing time limitations upon the *insured's* application for waiver.

The District Attorney argues on behalf of the Veterans' Administration, that if the veteran himself had been alive, and had filed an application for waiver of premiums when his mother did on January 22, 1948, premiums could not have been waived further back than one year, that is, January 22, 1947. For this proposition he cites the second proviso of the section. The insurance was not in effect under premium-paying conditions on January 22, 1947, having lapsed for non-payment of premiums on April 9, 1946. Hence, the veteran himself would not have been entitled to waiver of premium. And, the argument runs that Congress did not intend to give beneficiary any greater right than that given to the insured veteran himself. See Veterans' Administration Regulations, and Paragraph 4(d) National Service Life Insurance certificate.[2]

2. The third proviso of the section gives relief to the *insured* where he fails to make timely application for waiver. It reads as follows: "That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums".

The government says the beneficiary may be entitled to avail herself of the benefit of the third proviso. But, in the instant case the plaintiff, Sara Ann Baker, made no claim before the Veterans' Administration that the failure of the insured, her deceased son, to make application for waiver of premiums was due to circumstances beyond the control of the insured. And the plaintiff made no such claim in the complaint in this case. The Veterans' Administration in its argument upon the Motion for Summary Judgment took the position that the veteran himself didn't apply for waiver; that the plaintiff, his mother, the beneficiary, did not show that the veteran's failure to file was due to circumstances beyond his control, either in her application to the Veterans' Administration or in the complaint in the action. So the District Attorney urges that the beneficiary had not exhausted her administrative remedy. It is claimed that she should file her claim with the Veterans' Administration that the insured's failure to file his application for waiver was due to circumstances beyond his control and supply evidence.

3. Moreover, the government contends that the language in the third proviso of Section 802(n), "the Administrator may

---

2. Code of Federal Regulations, 1947 Supp. Title 38, Par. 10.3441(b).

grant waiver" shows that Congress intended to give the Veterans' Administrator a discretion to grant or refuse a waiver of premiums where it is claimed that the insured's failure to make application was due to circumstances beyond his control. It is contended that this discretion is reposed solely in him and is not reviewable by a Federal District Court. And it is contended further that the matter may not be judicially determined without having first been considered administratively.

4. Although not an issue in the present case, the government also contends that it is improper to leave to a jury the question whether or not the insured's failure to make timely application for waiver was due to circumstances beyond his control.[3]

The foregoing four points are covered in the discussion which follows.

Congress has said the payment of premiums may be waived. And the statute provides what must be done in order to obtain a waiver of premium. That provision[4] is really divided into two parts. The first part deals with the application of the *insured* for waiver. And, this part of the section contains three provisos all of which in plain terms refer to the application of the insured. There is nothing up to this point about an application by anyone except the insured himself.

The second part of the section deals with the application of the *beneficiary* for waiver. This is found in what is designated in the statute as the fourth proviso.

The whole of the section through the third proviso is concerned with the application of the *insured*. The fourth proviso is concerned with the application of the *beneficiary*. But, the government contends that all of the limitations upon the insured's right to file an application for waiver are also applicable to the beneficiary. This argument is based upon the assumption that the antecedent of the phrase, "with evidence of the insured's right to waiver under this section", in the fourth proviso, is the whole of the section through the third proviso.

Prior to 1944 there was no provision in the act for waiver of premiums upon application of the beneficiary. Congress in the Act of September 30, 1944, entitled an Act to "liberalize" the insurance law, inserted the fourth proviso. As originally enacted, the phrase in question read: "with evidence of the insured's right to waiver under *the conditions* of this section".[5] On August 1, 1946 Congress deleted the italicized words.[6]

█ This legislation should be construed so as to give effect to Congress' expressed intent to liberalize the provisions concerning waiver of premiums. Moreover, the deletion indicates that Congress did not intend to tie the beneficiary down to all the conditions and limitations upon the insured. To do so, greatly restricts the privilege given the beneficiary to apply for waiver. The first and second provisos contain a statute of limitations that is applicable to the insured veteran. The first one, particularly, was intended to benefit the veteran who might have been in the March of Bataan, or in a war prison camp in Japan or Germany, and unable either to pay the premium or apply for waiver. Similarly, in the third proviso. The fourth proviso contains a statute of limitations that is applicable to the beneficiary. Is it to be supposed that Congress, in the proviso limiting the time within which the beneficiary can file, also intended to impose upon her the limitations of time upon the insured's right to file?

If we construe this language as the government urges us to do, and the insured had lost his right to apply by virtue of the time limitation in the first and second provisos, the beneficiary also has lost her right in spite of the fact that in giving the beneficiary a time within which to apply, it seems pretty clear that Congress

---

3. Jensen v. U. S., Civil No. 1722, D.C. Utah, 94 F.Supp. 468, where that issue was submitted to the jury. See Note 9 infra.

4. Section 802(n), Title 38 U.S.C.A.

5. 58 Stat. 764.

6. 60 Stat. 785.

meant to give her additional time—to extend the time.

Now, this does not mean that she can file at some indefinitely postponed future date. Her right is still carefully circumscribed. She must file within one year of veteran's death, or if beneficiary is under a disability within one year after the disability is removed. She must show (1) veteran's "continuous total disability", (2) which commenced "while the insurance was in force under premium-paying conditions" and which (3) "continues or has continued for six or more consecutive months". The safeguard with which Congress has surrounded that situation is that the beneficiary must come in and prove a continuous total disability that starts while the policy is in force under premium-paying conditions and continues up to his death. In this case the disability continued from the time of failure to pay premiums to and until death—a period of twenty months.

This whole section is intended to be beneficial to the veteran. Everything Congress does here is to help him. They let him go back to five years prior to August 1, 1946 in the first proviso. In the second proviso they give him a year after August 1, 1946. And in the third proviso they say if a man were in the March of Bataan, or locked up in a prison or in a war camp somewhere, or some other condition existed which was beyond his control, and due to that condition he did not apply, he gets the benefit of that.

All the way through they are trying to help him. And then finally they help him by saying, if you die, under the circumstances which I have indicated the beneficiary has a year more.

Now, it is the opinion of the Court that this act ought to be construed the way the disability provisions of the Statute of James [7] and its American descendants have been construed. The construction of that disability provision is that it was not intended to cut down; it was intended to increase the time within which the suit might be brought. And so if you have a choice of the time within which the suit might be brought, you take the longer of the two. It may be twenty years from the time the right of entry first accrued, or it may be ten years from the time the disability is removed. In some cases one will be longer, in some cases the other. The construction of that statute has been that you get the longer, because the disability provision was not intended to cut down, it was intended to benefit you.

We are well aware that statutes may not be cited by analogy in the Common Law, as they may in the civil law. We mean merely to suggest that the considerations back of the rule of construction are the same.

■ So it becomes unnecessary to decide whether in this case the failure of the veteran to apply for the waiver was due to circumstances beyond his control. We think that third proviso, like the first and second provisos, has application to a case where the veteran applies; and we think the fourth proviso, which is the beneficiary proviso, is one that applies to the case where the beneficiary applies; and where the statute, in that section, says "with evidence of the insured's right to waiver under this section", we think "this section" should be construed to mean this section with the three provisos which limit the insured's right to recover excluded.

Hence, it is not material that the plaintiff, Sara Ann Baker, made no claim before the Veterans' Administrator, or in her complaint, that her son's failure to file an application for waiver of premium was due to circumstances beyond his control. And, therefore, it cannot be said that she has not exhausted her administrative remedy.

■ And, it follows that the argument of the Government that the language of the third proviso gives the administrator and unreviewable discretion is immaterial here.

Moreover, under the construction we place upon this language, the act will be considerably easier to administer, and will

7. St. 21 Jac. I. c. 16.

produce less litigation. Otherwise what do we get into? What will we be litigating? We will be litigating the question whether or not the mental and physical infirmities of the veteran are "circumstances beyond his control", so as to excuse his failure to file application for waiver. One case was litigated in this Court in which we have taken the view that such question is for the jury, where the beneficiary claimed failure to apply was due to circumstances beyond the veteran's control, and produced evidence which fairly and reasonably warranted a finding.[8]

We are going to have juries all over the country passing on that, in cases where beneficiaries file applications, unless the construction applied here is adopted. Our construction eliminates that.

■ Prior to August 1, 1946 Section 817, Title 38, provided, that the action of the Veterans' Administrator on the question of waiver or non-waiver of premiums was conclusive and binding upon the Court. The amendment of August 1, 1946 deleted this sentence. Thereby Congress clearly showed its intention that the question of the right to a waiver of premium should be determined by a Court and jury. Analogous decisions under Section 445 of Title 38 support the view that it is a jury question.[9]

This court is of the opinion that what Congress means when it says, "with evidence of the insured's right to waiver under this section", is evidence of continuous total disability, which commenced while the insurance was in force under premium paying conditions, and which continued for six or more consecutive months. The Court concludes, that Congress did not intend, in the fourth proviso which contains a time limitation upon the *beneficiary's* right to file an application, to include by implication time limitations upon the *insured's* right to file.

It seems to the Court that the easy, natural interpretation of that language in the fourth proviso is that it gives you a time limitation as to the *beneficiary*. And, that time limitation is the only one that applies to her.

Congress has provided time limitations as to the *insured* in the first, second and third provisos. It is difficult to believe that Congress would have meant to commingle and confuse a statute of limitations, which has reference to the *beneficiary*, by including also in the fourth proviso a statute of limitations that has reference to the *insured*.

That seems to the Court the clean cut way to construe the Act. And as has been indicated that view eliminates some of the difficult problems of administration and litigation.

---

8. Jensen v. United States—Civil No. 1722.

9. Section 817 of Title 38 now provides that in the event of disagreement as to *any claim* arising under the act suit may be

brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government insurance under Sections 445 and 551. (Italics ours.)