## FOX et al. v. UNITED STATES.
### Civ. No. 544.

United States District Court,
E. D. Texas, Sherman Division.
April 30, 1952.

H. J. Yarborough of White & Yarborough, Dallas, Tex., for plaintiffs.

Warren G. Moore, U. S. Atty., Tyler, Tex., for defendant.

SHEEHY, District Judge.

Nan N. Anderson, hereinafter referred to as plaintiff, originally instituted this suit as Nan N. Anderson, a widow, seeking to recover $5,000 National Service Life Insurance benefits on the theory that at the time of the death of her husband, Jimmie B. Anderson, there was in force and effect $5,000 of National Service Life Insurance on the life of the said Jimmie B. Anderson under the gratuitous insurance provisions of the National Service Life Insurance Act, Subsection (d) (3) (A) and (B), Sec. 802, Title 38 U.S.C.A., as amended. Subsequent to the institution of this suit plaintiff married W. I. Fox and by amended complaint duly filed herein W. I. Fox joined plaintiff, pro forma, as a plaintiff herein. All pertinent facts were agreed upon by the parties by stipulation duly filed herein.

Jimmie B. Anderson from January 5, 1940 to March 20, 1946, the date he was discharged from the military service of the United States was enrolled in the active military service of the United States and during said time was a member of the Military Forces of the United States; that on January 28, 1942 Anderson became totally disabled as a result of disease incurred in line of duty with the Military Forces and remained totally disabled at all times until the date of his death; that he died on July 11, 1946; that on May 6, 1942 Anderson was taken prisoner by the forces of the Japanese, an enemy of the United States, and thereafter remained a prisoner of war until he was liberated on September 8, 1945; that Anderson did not during his lifetime make application in writing for National Service Life Insurance nor did he at any time during his lifetime make application for the continuance of all, or any part, of gratuitous life insurance that was or might have been granted to him under either Subsection (d) (3) (A) or (B), Sec. 802, Title 38 U.S.C.A., as amended; that the plaintiff is the surviving widow of Jimmie B. Anderson, and as such is entitled to the National Service Life Insurance benefits, if any, due on account of the death of Jimmie B. Anderson; that the plaintiff on June 30, 1947, filed with the Veterans Administration of the United States a claim for $5,000 gratuitous insurance benefits because of the death of Jimmie B. Anderson and claim for waiver of premiums during the period of the disability of the said Anderson; that on November 17, 1947, plaintiff was notified by the Veterans Administration of the disallowance of her said claim for insurance benefits; that plaintiff duly appealed to the Board of Veterans' Appeals from the disallowance of her said claim and her said claim was disallowed by the decision of the Board of Veterans' Appeal rendered November 26, 1948; and that a disagreement exists between the plaintiff and the Veterans Administration within the meaning of the National Service Life Insurance Act.

■ Subsection (d) (3) (B) of Sec. 802, Title 38 U.S.C.A. as amended, is not applicable here because of its express terms that subsection applies only to a person in the active military service of this country, who was captured, besieged or otherwise isolated by enemy forces, between December 7, 1941 and April 20, 1942. Anderson was not captured by the Japanese until May 6, 1942.

Subsection (d) (3) (A), Sec. 802, Title 38 U.S.C.A., as amended, provides in part as follows:

"Any person in the active service who on or after October 8, 1940, and prior to April 20, 1942, becomes totally disabled as a result of injury or disease incurred in line of duty and such disability continues without interruption for a period of six months or until death intervening prior to the end of such six months' period without having in force at time of incurrence of such disability at least $5,000 insurance issued under the War Risk Insurance Act, as amended, or the World War Veterans' Act 1924, as amended, or this chapter, shall be deemed to have applied for and to have been granted, effective as of the commencement of such total disability, national service life insurance in an amount which together with any such insurance then in force shall aggregate $5,000 and such gratuitous insurance shall continue in force

without payment of premiums until six months after the insured ceases to be totally disabled or until one year after September 30, 1944, whichever is the earlier date: Provided, That such protection shall cease and terminate unless within such period such disabled person shall make application in writing for continuance of all or any part of such insurance and shall submit evidence satisfactory to the Administrator of entitlement to waiver of premiums under subsection (n) of this section or tender the premiums thereafter becoming due: * * * ."

Subsection (d) (5), Sec. 802, Title 38, U.S.C.A., as amended, provides in part as follows:

"If any person deemed to have been issued insurance under subsection (3) (A) or (B) of this section die without filing application and within the time limited therefor, death insurance benefits shall be payable in the manner and to the persons as stated in subsection (2): Provided, That no application for insurance payments under subsections (2) or (3) of this section, shall be valid unless filed in the Veterans' Administration within seven years after the date of death of the insured and the relationship and dependency of the applicant, where required as a basis for such claim, shall be proved as of date of death of insured by evidence satisfactory to the Administrator: * * * ."

Jimmie B. Anderson having become totally disabled as a result of disease incurred in line of duty on January 28, 1942 and such disability having continued without interruption to the date of his death on July 11, 1946, there is no question but that there was in force and effect on the life of the said Jimmie B. Anderson $5,000 of gratuitous life insurance from the date the disability began until one year after September 30, 1944, or to September 30, 1945, under the provisions of said Subsection (d) (3) (A) above quoted. It is noted that under the provisions of said Subsection (d) (3) (A) said gratuitous insurance continues in force without payment of premiums until six months after the insured ceases to be totally disabled or until one year after September 30, 1944, whichever is the earlier date. Immediately following such provision it is stated, "Provided, That such protection shall cease and terminate unless within such period such disabled person *shall* make application in writing for continuance of all, or any part of such insurance and shall submit evidence satisfactory .to the Administrator of entitlement to waiver of premiums under subsection (n) of this section or tender the premiums thereafter. becoming due". (Emphasis supplied.)

Since Jimmie B. Anderson during his lifetime made no application in writing for the continuance of all, or any part, of the gratuitous insurance that was extended him and submitted no evidence to the Administrator of entitlement to waiver of premiums under Subsection (n) of Sec. 802, Title 38 U.S.C.A., as amended; and since Anderson's service acquired total disability lasted continuously from January 28, 1942 until the date of his death on July 11, 1946, the date of death being more than a year subsequent to September 30, 1944, the question here presented is whether, as a condition precedent to a continuation of the gratuitous insurance beyond September 30, 1945, Anderson must have made application in writing prior to September 30, 1945 for the continuance of all, or any part, of the gratuitous insurance and submitted satisfactory evidence to the Administrator of entitlement to waiver of premiums under Subsection (n), Sec. 802, Title 38 U.S.C.A., as amended. Plaintiff contends that because of the disability suffered by Anderson, which disability continued until the date of his death, Anderson was under no duty to make said application in writing for continuance of such gratuitous insurance and that under the provisions of Subsection (d) (5) of said Sec. 802, Title 38 U.S.C.A., death insurance benefits in the amount of $5,000 are payable to plaintiff, she having made application to the Veterans Administration for such insurance payments within seven years after the date of the death of Anderson.

■ Both the parties concede that, insofar as they have been able to determine, there is no reported case in which the Court was called upon to pass on the question here presented and above referred to. It was the intent of Congress by enacting into law said Subsection (d) (3) (A), above quoted from, to extend gratuitous life insurance not to exceed the sum of $5,000 to persons in the active military service of this country, who, shortly prior to or a few months subsequent to the commencement of World War II, became totally disabled as a result of service acquired injury or disease without having applied for and obtained at least $5,000 war risk life insurance. Congress as it had the right to do limited the term that such gratuitous insurance would continue in force without the payment of premiums. This limitation was that such gratuitous insurance would continue in force without payment of premiums until six months after the insured ceased to be totally disabled or until one year after September 30, 1944, whichever is the earlier date. The first proviso of said subsection permits such disabled person to continue the gratuitous insurance in effect subsequent to the termination date above provided for provided such person, *before the termination date,* makes application in writing for such continuance of such insurance. It is clear to me that in order for the gratuitous insurance extended Anderson because of his service acquired disability to have continued in force beyond September 30, 1945, it was necessary for Anderson to have made application in writing prior to September 30, 1945, for the continuance of such gratuitous insurance. Anderson having failed to make such application, the gratuitous insurance on his life expired on September 30, 1945, and was not in force and effect at the time of his death on July 11, 1946. To give the provisions of said Subsection (d) (3) (A) any other interpretation, particularly the interpretation contended for by plaintiff, would require the Court to disregard the express provisions of said subsection.

■ Subsection (d) (5) of Sec. 802 above quoted extends to plaintiff no greater right than Anderson had during his lifetime. See Scott v. U. S., 5 Cir., 189 F.2d 863 and U. S. v. Baker, 10 Cir., 191 F.2d 1004. Anderson having remained totally disabled until his death on July 11, 1946, and he having died more than a year subsequent to September 30, 1944 the provisions of said Subsection (d) (5) have no application to the facts in this case. Since Anderson never had any National Service Life Insurance in force under premium-paying conditions, the provisions of Subsection (n) of Section 802, Title 38 U.S. C.A., as amended, likewise have no application here.

The gratuitous insurance extended Anderson having expired one year subsequent to September 30, 1944 and long prior to Anderson's death the plaintiff is not entitled to recover herein.

The attorney for the defendant should present an appropriate form of judgment for signing and entry.