## HUCKABY v. UNITED STATES.
### No. 13871.

United States Court of Appeals
Fifth Circuit.
May 2, 1952.

Harry A. Johnson, Jr., Richard H. Switzer, Shreveport, La., for appellant.

Wm. J. Fleniken, Acting U. S. Atty., E. V. Boagni, Asst. U. S. Atty., Shreveport, La., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a summary judgment, dismissing appellant's action to recover the proceeds of a National Service Life Insurance policy, issued by appellee to Jimmie Huckaby while he was a member of the armed forces of the United States. The insured was discharged from the service on May 8, 1945, and said policy lapsed on July 18, 1945, for non-payment of premiums. On October 8, 1947, the insured filed an application for reinstatement of the policy, and said policy was reinstated, effective as of September 19, 1947. Premiums were paid through December 18, 1947, on which date the policy again lapsed for non-payment of premiums.

The insured died on February 5, 1948, without having filed a claim with the Veterans Administration for the waiver of unpaid premiums due on the original or reinstated policy. The National Service Life Insurance Act, as amended August 1, 1946, 38 U.S.C.A. § 802(n), provides that upon any application for waiver of premiums made subsequent to one year after August 1, 1946, the Administrator shall not grant waiver of any premium becoming due more than one year prior to the receipt of the application. The fourth proviso of said Act provides that in the event of the death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured, or August 1, 1946, which ever be the later date, may file application for waiver "with evidence of the insured's right to waiver under this section."

On March 5, 1948, appellant, the designated beneficiary, filed a claim with the Veterans Administration for waiver of unpaid premiums on the policy in question, alleging that the insured became totally disabled on April 1, 1946. The Veterans Administration, on February 11, 1949, rendered a decision holding that the insured was not continuously totally disabled at any time prior to the lapse of the original policy, but that he was totally disabled from September 20, 1947, to the date of his death. The appellant was notified that the waiver of premiums and the payment of death benefits under the reinstated policy was denied because of the finding that the insured's total disability did not commence subsequent to the date of his application for the insurance, and while it was in force under premium paying conditions.

In her complaint, filed in the court below, appellant alleged that the insured had become totally disabled at a time prior to his discharge from the naval service; and it is her contention that she, as beneficiary, is entitled to a waiver of all premiums unpaid from the date that the policy lapsed on July 19, 1945. Appellant relies on the fourth proviso of the Act, and claims that even though the insured may not have been entitled to a waiver, due to his failure to file an application within the time allowed, she, as beneficiary, has fulfilled the requirements of the Act by having filed an application for waiver within a year after the insured's death. The question presented has been decided by the recent decisions in Scott v. United States, 5 Cir., 189 F.2d 863; United States v. Baker, 10 Cir., 191 F.2d

1004; and Aylor v. United States, 5 Cir., 194 F.2d 968, which held that a beneficiary is not entitled to any greater right than the insured had with respect to waiver of premiums, but is merely given more time to assert the rights which the insured had at the time of his death.

The appellant also contends that, if she is not entitled to a waiver of premiums on the original policy, then she is entitled to such waiver on the reinstated policy, since her application for waiver was filed within a year after that policy lapsed. She relies on the decision of the Veterans Administration in which it was held that the insured was totally disabled from September 20, 1947, and the fact that the reinstatement was made effective as of September 19, 1947. Her claim is that the policy was in full force and effect, and in a premium paid condition, at the time the insured became totally disabled: that since the insured had one year within which to claim a waiver, his right to a waiver was in existence at the time of his death. This argument overlooks a basic requirement of the Act, viz., that in order for a waiver of premiums to be allowed, the disability of the insured must have begun subsequent to his application for insurance, 38 U.S.C.A. § 802(n), and not, as the appellant contends, subsequent to the date that the policy became effective. The date of the insured's application was October 8, 1947, though his total disability began, according to the Administration's decision on which the appellant relies, on September 20, 1947. Therefore, the insured was never entitled to a waiver of premiums on the reinstated policy.

The judgment appealed from was correct, as was the court's action in overruling appellant's motion for relief from said judgment. The new evidence claimed by appellant was either before the court at the time of defendant's motion for summary judgment, or was available to the appellant at that time. The appellee's motion to dismiss the appeal is denied. The judgment appealed from is affirmed.

Affirmed.