**PALANUK v. UNITED STATES.**

**No. 14865.**

United States Court of Appeals
Eighth Circuit.

Nov. 12, 1953.

Claude L. Dawson, Washington, D. C. (Nels G. Johnson, Bismarck, N. D., on the brief), for appellant.

Benjamin Forman, Attorney, Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., P. W. Lanier, U. S. Atty., Fargo, N. D., and Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a summary judgment dismissing an action brought by the plaintiff (appellant) on August 16, 1952, upon a $10,000 policy of National Service Life Insurance issued to her deceased husband, James Palanuk, while in the military service of the United States.[1] She was the beneficiary named in the policy. The insured died December 25, 1947. No premiums on the policy had been paid since May 1, 1946, and apparently it had lapsed on June first of that year for nonpayment of premiums.

The claim upon which the plaintiff's complaint is based is, in substance, that the policy had not lapsed prior to the insured's death; that premiums on the policy were deducted from the insured's pay while he was in the military service from November 28, 1942, to September 9, 1945; that the policy provided that in the event he became totally disabled while the policy was in force, premiums would be waived; that while in the military service the insured became totally disabled; that he applied to the United States Veterans Administration for a waiver of the payment of premiums; that a waiver of premiums was granted from November 1, 1944, to August 31, 1945; that, because of his total disability, the insured was entitled to a waiver of premiums at all times from November 1, 1944, until his death; that after his death and on or about March 10, 1948, the plaintiff filed a claim with the Veterans Administration asking for the reconsideration of the claim filed by the insured for a waiver of premiums on account of total disability; that plaintiff's claim was under consideration until October 10, 1951, when it was denied; and that a disagreement now exists between the plaintiff and the United States Veterans Administration as to her claim "herein sued upon."

The plaintiff asks for judgment for $10,436.40 and for an allowance of attorney's fees.

The Government filed a motion for a dismissal of the action or for summary judgment. The motion was submitted to the District Court upon the complaint and three exhibits filed by the Government.

The first of these exhibits is a letter to the insured from the Veterans Administration, dated July 12, 1945, which reads as follows:

"S/Sgt. James Palanuk, 6 421 178
c/o Adjutant General's Office
War Department
Washington 25, D. C.
"Dear Sir:

"This is in reference to your claim for waiver of payment of premiums under your National Service Life Insurance in accordance with the provisions of Section 602(n) of the National Service Life Insurance Act of 1940, as amended.

---

1. The District Court in its opinion states that the $10,000 of insurance was covered by two policies, but, since the complaint treats the insurance as evidenced by one policy, we shall do the same in this opinion.

"The Insurance Claims Council has rendered a decision holding that you were totally disabled and entitled to a waiver of payment of premiums effective from November 1, 1944, to August 31, 1945, on your National Service Life Insurance in the amount of $10,000.

"Under this decision you are entitled to a waiver only for the period specified and if your premiums are currently being paid, you should continue to pay them as they become due if you wish to keep your insurance in force. If you are still in service and premiums are being paid by allotment, you should continue the allotment in effect. If you have discontinued the allotment, you should authorize a new allotment or otherwise provide for the payment of premiums in order to continue the insurance in force.

"If you will complete and return the enclosed form supplying the information called for, all unearned premiums will be refunded or otherwise disposed of as directed by you.

"Very truly yours,
H. L. McCoy,
Director of Insurance."

The second exhibit is an application by the insured to the Veterans Administration, dated August 1, 1947, for the reinstatement of his lapsed insurance, reading in part as follows:

"I, the undersigned insured, do hereby apply for reinstatement of my National Service Life Insurance (Five-Year Level Premium Term Plan) in amount stated above [$10,-000], now lapsed for nonpayment of premium within grace period of 31 days from the due date."

The due date of premiums in default is stated in the application to be "about June 1, 1946," the monthly premium to be $8.20, and the amount tendered with the application to be $16.40, equivalent to two monthly premiums. No statement that the insured had been continuously totally disabled appears in the application. It shows, however, that on May 4 and June 20 of 1947 he had been treated in hospitals for a heart condition, and that, in answer to the question, "Have you ever applied for disability compensation, retirement pay, or pension?", his answer was "yes". The application indicates that between August 31, 1945, and May 1, 1946, the insured had paid premiums on his policy.

The third exhibit is a letter from the Veterans Administration to the insured, dated November 19, 1947, denying his application for the reinstatement of his insurance on the ground that "The information of record in your file shows that you are suffering from a heart disorder and are, in fact, totally disabled therefrom for insurance purposes."

The District Court concluded that the rights of the insured under the policy had terminated at the time of his death, because he had done nothing about his application for a waiver of premiums after it had been partially granted in July of 1945; had resumed the payment of premiums after August 31, 1945, when the partial waiver expired; had defaulted in the payment of premiums on or about June 1, 1946; and had, in August 1947, applied for a reinstatement of his lapsed insurance which application had been denied. The court found no basis for the claim that the insured during his lifetime had any disagreement with the Veterans Administration in regard to his claim for the waiver of premiums. The court ruled that the plaintiff, as beneficiary, had no greater rights than the insured, and entered judgment dismissing her action.

The plaintiff concedes that if the insured's rights under his insurance contract had expired at the time of his death, she has no standing in court. That concession is correct. Scott v. United States, 5 Cir., 189 F.2d 863, certiorari denied 342 U.S. 878, 72 S.Ct. 169, 96 L. Ed. 660; United States v. Baker, 10 Cir., 191 F.2d 1004; Aylor v. United States, 5 Cir., 194 F.2d 968; Huckaby v. United States, 5 Cir., 196 F.2d 307; United States v. Cooper, 6 Cir., 200 F.2d 954; Landsman v. United States, D.C.Cir., 205

F.2d 18, 19; Horton v. United States, 5 Cir., 207 F.2d 91, 94.

The plaintiff contends, however, that the insured, at the time of his death, had the right to contest the action of the Veterans Administration in granting him a waiver of premiums only until August 31, 1945, either by making an application to it for reconsideration of its action or by bringing suit; that the partial granting of his application for the waiver of premiums constituted a "disagreement" under Section 617 of the National Service Life Insurance Act of 1940, as amended, 60 Stat. 788, Title 38 U.S.C.A. § 817, which at least after August 1, 1946, entitled him to bring suit within the six-year limitation period upon the claim that his disability was continuous total disability from November 1, 1944, calling for a continuous waiver of premiums; that the plaintiff, as his beneficiary, within the six-year period, filed an application with the Veterans Administration for the reconsideration of the claim filed by the insured for waiver of premiums; and that, under 38 U.S.C.A. § 445, the running of the limitation period was suspended while her claim was pending, and her suit was timely filed after the denial of her claim. She asserts that if the action of the Veterans Administration in waiving premiums only from November 1, 1944, to August 31, 1945, did not constitute a "disagreement" on which suit could be brought by the insured, the denial of her claim for reconsideration constituted such a "disagreement," and that she was authorized to bring this action.

Section 617 of the National Service Life Insurance Act of 1940, as amended August 1, 1946, 60 Stat. 788-789, 33 U.S.C.A. § 817, provides:

"In the event of disagreement as to any claim arising under this Act, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 19 and 500 of the World War Veterans'

Act, 1924, as amended [§§ 445 and 551 of Title 38, U.S.C.A.]."

As originally enacted, § 617 of the Act contained a proviso reading as follows, 54 Stat. 1014:

"*Provided,* That in any such suit the decision of the Administrator [Administrator of Veterans' Affairs] as to waiver or non-waiver of premiums under section 602(n) shall be conclusive and binding on the court."

The 1942 amendment of § 617 changed the wording, but not the effect, of this proviso. 56 Stat. 659. The proviso was eliminated by amendment of § 617 on August 1, 1946, effective as of October 8, 1940.

Section 602(n) of the Act, which, subject to certain conditions, limitations and provisos, provides for the waiver of premiums, in case of total disability, "Upon application by the insured and under such regulations as the Administrator may promulgate," has been progressively amended since its original enactment in 1940, 54 Stat. 1011. As amended on July 11, 1942, 56 Stat. 658, it no longer required that an application for a waiver be filed while the insurance was in force, but provided for a waiver of premiums becoming due not more than one year prior to the receipt by the Veterans Administration of an application for a waiver. By an amendment of September 30, 1944, 58 Stat. 762, 763-764, a beneficiary was accorded the right, within a year after the death of the insured or the date of the amendment, "whichever be the later," to apply for a waiver where the insured had failed to file application for waiver prior to his death. The amendment of August 1, 1946, 60 Stat. 784, 38 U.S.C.A. § 802 (n), granted to an insured who had been continuously totally disabled the right to a waiver of premiums due not more than five years prior to August 1, 1946, if application was made therefor within one year after that date, but provided that, upon an application made subsequent to one year from August 1, 1946, waiver of a premium becoming due more

than a year prior to the receipt of the application in the Veterans Administration should not be granted, "except as hereinafter provided." The remainder of § 602(n), as amended, reads as follows, 60 Stat. 785:

"Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: *Provided further,* That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: *And provided further,* That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or the enactment of this amendment, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of *the insured's right to waiver under this section.* [Emphasis supplied.] Premium rates shall be calculated without charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."

The right of an insured, under § 602 (n) as amended in 1946, to a waiver of past due premiums, because of continuous total disability, depended upon his filing with the Veterans Administration an application for a waiver within one year from August 1, 1946. In the instant case, the insured filed no such application, and his right, if any, to a waiver of premiums under § 602(n), as amended, expired August 1, 1947, several months prior to his death on December 25, 1947.

The plaintiff asserts, however, that the inapplicability of § 602(n), as amended, to her situation in no way affects her rights to litigate the issue of the insured's right to a waiver of premiums from August 31, 1945, to the time of his death; that his application for waiver of premiums was a timely one; that the action of the Veterans Administration upon it created a "disagreement" within the meaning of § 617 of the Act; and that the denial of her application for reconsideration of that action also created such a "disagreement."

It is our conclusion that the failure of the insured to contest or protest the action of the Veterans Administration upon his application for a waiver of premiums, or to appeal to the Administrator of Veterans' Affairs therefrom, or to file a claim for a further waiver of premiums, and his acquiescence in, and acceptance of, the action of the Veterans Administration upon his claim for waiver of premiums, evidenced by his voluntary resumption of the payment of premiums upon his policy after the waiver had expired and by his application for the reinstatement of the policy after it had lapsed, preclude a ruling that at or prior to the time of his death he had a justiciable "disagreement" as to a claim for waiver of premiums under his insurance contract or that his beneficiary has any such "disagreement." We are fortified in this conclusion by the recent opinion of the Court of Appeals of the Fifth Circuit in Horton v. United States, 207 F.2d 91.

The judgment appealed from is affirmed.