UNITED STATES of America, Appellant,

v.

Gladys Ann BARNETT and W. J. Barnett, Appellees.

No. 15804.

United States Court of Appeals Fifth Circuit.

March 16, 1956.

William W. Ross, Atty., Dept. of Justice, Washington, D. C., Lonny F. Zwiener, Asst. U. S. Atty., Austin, Tex., Paul A. Sweeney, Chief, Appellate Sec., Dept. of Justice, Washington, D. C., for appellant.

F. L. Kuykendall, Austin, Tex., Ross K. Prescott, Dallas, Tex., for appellees.

Before BORAH, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

The United States appeals from a judgment below awarding the $10,000 face value of a National Service Life Insurance policy, plus 4% interest thereon, to the named beneficiary and his assignee. The principal issues are, first, whether the insured abandoned his premium waiver under the policy by failing to cooperate with the Veterans' Administration in filling out and returning to it a form entitled "Employment Report of Insured Veteran"; and second, whether the failure of the insured to apply for reinstatement of waiver within one year after termination thereof bars the beneficiary and his assignee from maintaining this action. The district court found that the neglect or refusal of the insured to complete and return the form did not constitute a "failure to cooperate" within the meaning of the Act, and concluded that the action of the Administrator in terminating the insured's premium waiver was unwarranted, unreasonable, and arbitrary; therefore, it held, the premium waiver and the policy remained in effect during the continuance of the insured's total and permanent disability, which existed until the time of his death, and the present action is not barred.

The insured was seriously injured in World War II near Volturn, Italy on July 12, 1944, when the jeep in which

he was riding struck a land mine. The resulting explosion rendered his left arm totally useless at all times thereafter and so injured his right leg that he was never again able to stand on it for any prolonged period. The district court found, and the United States concedes, that as a result of these injuries the insured was totally disabled until the time of his death in June, 1952.

In January, 1945 the insured applied for a waiver of premiums on his policy because of total disability. The waiver was granted effective August 6, 1944, and was reviewed and continued in January, 1947. The insured was discharged from the Army in October, 1947. In 1949, the Veterans' Administration undertook a review of the insured's waiver, and on February 2 of that year sent him a letter requesting that he fill out an inclosed form entitled "Employment Report of Insured Veteran." The insured failed to answer. A second letter of the same tenor was sent to him on March 7, 1949. The insured replied on March 30 that he had lost the form inclosed in the first letter, and requested another copy. The Veterans' Administration mailed him another form, but the insured failed to return it. Thereafter, the Chief of the Disability Insurance Claims Division of the Dallas Branch of the Administration advised the insured by registered mail that "since you have failed to cooperate by furnishing the information as requested, the waiver of premiums on National Service Life Insurance under the numbers shown below has been terminated." The insured was informed in the same letter that his policy would lapse unless he paid premiums thereunder. Despite this warning, and three other notices from the Administration that premiums were due, the insured did not seek reinstatement of his waiver or begin the payment of premiums. Approximately three years later he died in an automobile accident, and his wife and father instituted this action to recover the face value of the policy, as claimants under 38 U.S.C.A. § 817.

 Under this section, as amended in 1946, the Administrator's decisions regarding waiver or nonwaiver of premiums are no longer conclusive and binding on the courts,[1] but remain open questions for the court or jury,[2] as they appear to be of law or of fact. The findings of the Administrator in these actions are therefore entitled to no presumptive weight, except the deference which a court will always grant to an agency's construction of its own regulations.[3] Moreover, the insured and the

1. 38 U.S.C.A. § 817 states: "In the event of disagreement as to any claim arising under this subchapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title."

The section formerly provided that "'the decision of the Administrator as to waiver or nonwaiver of premiums under this Act as now or hereafter amended shall be conclusive, and binding on the court.'" 56 Stat. 659.

38 U.S.C.A. § 445 provides, in part: "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * *"

38 U.S.C.A. § 11a–2 provides: "Notwithstanding any other provisions of law, except as provided in sections 445 and 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

2. Jensen v. United States, D.C.D.Utah, 94 F.Supp. 468.

3. United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361.

beneficiary cannot be considered to have acquiesced in the Administrator's action by their failure to appeal from the termination of waiver at the time it was made, because the statute affords them the alternative of a later suit in district court on their claim.

■ The question remains, however, whether the district court was correct in holding that the insured here did not fail to cooperate with the Administrator in such a manner as to justify the termination of his premium waiver. The applicable regulation provides:

"If the insured shall fail to cooperate with the Administrator in securing any evidence he may require to determine whether total disability has continued, the premium waiver shall cease effective as of the date finding is made of such failure to cooperate, and the insurance may be continued by payment of the premiums within 31 days after notice of termination as provided in paragraph (2) of this section." 38 C.F.R. 8.42(c).

The United States argues that the Administrator needed the information called for in the "Employment Report of Insured Veteran" because total disability is defined by regulation as "any impairment of mind or body which continuously renders it impossible for the insured to follow any substantially gainful occupation." 38 C.F.R. 8.43. Thus, the contention is, more information is needed by the Administrator, for a determination regarding disability, than only knowledge of the insured's physical and mental condition; there is likewise required "name of employer," "income per month," "average number of hours worked per day" and other facts requested on the form, in order to make the combined medico-occupational finding of total disability required for the continuance of a premium waiver. Under this dual concept of total disability, the fact that the insured in this case underwent periodic examinations by Administration physicians, until within two months of his death, was at best evidence of only partial cooperation.

We are unable to agree with this theory, for two reasons. First, the statute under which the regulation was promulgated makes a much stricter statement of what the Administrator may require of an insured, under pain of a termination of waiver, than this interpretation of the regulation seeks to establish. The statute reads:

"The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate." 38 U.S.C.A. § 802(n).

The words "examination or reexamination"[4] call to mind in this context physical and mental examinations, and while we would hesitate to draw a sharp line between strictly medical examinations, on the one hand, and the variety of psychological, personality, and aptitude tests still being developed, on the other, neither can we accede to the view that every instance of neglect or contumacy encountered by the Administrator in his program is ground for a termination of waiver under the statute and the regulation. Secondly, the actual relevance of an insured's work history to the question of disability is at best indirect. It has been consistently held that the effort or lack of effort of a veteran to work is not of much weight

---

4. The United States contends that these words are broadened by a subsequent provision in § 802(n) that the Administrator may grant waiver or continuance of waiver of premiums "in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control." As will be seen, the only "satisfactory evidence" of total disability is evidence of the insured's physical and mental condition, which could not be derived from the answers to an employment questionnaire.

in deciding the question of disability, the ultimate test being his actual physical and mental condition. Walker v. United States, 5 Cir., 197 F.2d 226; Jones v. United States, 5 Cir., 55 F.2d 574. Hence, we cannot give credence to the appellant's argument that the completion of the form by the insured was vital to the determination of his eligibility for waiver.

In determining the issue of whether the insured failed to cooperate, the court as fact-finder was bound to consider both the relevance of the request to the question of total disability and the conduct of the insured in his relations with the Administrator. Obviously both under the statute and the regulations the right of the Administrator to terminate for failure to "cooperate" could not be translated into an absolute right to terminate for failure to reply to communications or even failure to comply with requests from the Administrator's assistants. Such failure could well amount to a failure to cooperate absent any other circumstances which the trial court took into consideration. Here the other circumstances which the trial court took into consideration were (1) the fact that the insured was in fact totally disabled; (2) the fact that he was receiving disability compensation; (3) the fact that he had maintained relatively frequent contact with the medical services of the Administration. While none of these would be sufficient to justify a failure to comply with a specific statutory requirement that he reply to every letter from, or that he comply with every request of, the Administrator on pain of losing his benefits, they are sufficient to support the finding of fact made by the trial court that the veteran did not fail to cooperate. We may not disturb this finding, based, as it is, on substantial evidence. Rule 52(a), F.R.C.P., 28 U.S.C.A.

In reference to the question of timely reapplication for waiver, the United States places considerable reliance on the line of cases holding that a beneficiary under a lapsed policy, which would not have lapsed had the insured's permanent and total disability been known to the Administrator, cannot after the insured's death recover the face amount of the policy on the ground that the insured was actually entitled to a waiver throughout. The reasoning of these cases is that the beneficiary can succeed to no greater right than that of the insured, and that since the insured failed to contest the termination of his waiver or to apply for reinstatement thereof during the period fixed by the statute, the right to reinstatement of waiver was lost to him during his life and could not be reasserted after his death by the beneficiary. Palanuk v. United States, 8 Cir., 207 F.2d 802; Horton v. United States, 5 Cir., 207 F.2d 91; Scott v. United States, 5 Cir., 189 F.2d 863. The United States argues from these authorities that since under the statute the insured could obtain a waiver of premiums for only one year preceding his application therefor,[5] on the basis of his disability, the elapsing of one year from the date of his notification that his waiver was terminated thereafter barred both the veteran and his beneficiary from seeking waiver of these past due premiums.

The cogency of this reasoning depends upon our assigning to the Administrator's finding that the insured failed to cooperate the same effect as is granted to the Administrator's finding that the insured's total disability no longer exists. In the latter instance, a termination of waiver is mandatory under the statute.

"In the event that it is found that an insured is no longer totally dis-

5. 38 U.S.C.A. § 802(n) provides, in part: "*Provided further*, That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided."

abled, the waiver of premiums shall cease as of the date of such finding * * *." 38 U.S.C.A. § 802(n). In the case of a failure to cooperate, however, it is provided only that the Administrator "may deny benefits," and there is, indeed, no provision that he shall make a "finding" of a failure to cooperate.

Thus, the Administrator seeks to put in one category all terminations of waivers, for whatever grounds they are made. The effect of this is to place upon veterans and their beneficiaries the duty of contesting the Administrator's action within one year thereafter or losing all benefits under the section. We cannot accede to such a proposition, which is a non sequitur in itself and in result a harsh construction of a designedly ameliatory statute.

To the contrary, the statute provides no one-year period of limitation for grievances against the Administrator, except upon a finding that an insured is no longer totally disabled. To terminations based on other grounds, the one-year limitation in the statute obviously has no application.

The United States seeks to avoid the effect of this by asserting that the insurance section, which terminated the insured's waiver, is not chargeable with knowledge that the insured was in fact totally disabled until the time of his death. However, it cannot be denied that the insurance section knew that the insured was totally disabled at the time that it terminated his waiver, or else he would have had no waiver to terminate. Moreover, it did not even attempt to presume the unlikely possibility that his failure to respond indicated that he had found work that he could do, but instead informed him that his waiver was terminated "since you have failed to cooperate by furnishing the information as requested." Thus, there was not even a colorable attempt to base the Administrator's action on a finding of no further total disability, which could not be attacked after one year.

 It is argued, in conclusion, that no interest is recoverable on the face amount of the policy. With this we must agree. Jurisdiction for actions of this character is based solely on 38 U.S. C.A. § 445. Neither § 445 nor the policy itself provides for interest, and in suits on war risk life insurance policies brought under § 445, it has been held that no interest is allowable. United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 877. It follows that the judgment must be modified to strike the allowance of interest.

With this modification, the judgment is

Affirmed.