John C. WYATT, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 13434.

United States District Court
W. D. Missouri, W. D.

Dec. 21, 1962.

Ennis, Browne & Martin, Kansas City, Mo., for plaintiff.

F. Russell Millin and Calvin K. Hamilton, Vergil E. Willis, Kansas City, Mo., for defendant.

GIBSON, Chief Judge.

This cause came on for trial before the Court without a jury, a jury having been waived, and the Court having duly considered the pleadings, the evidence adduced by the parties and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. That John Laverne Wyatt, hereinafter referred to as the insured, while serving in the armed forces of the United States, and effective as of the 10th day of June, 1943, was granted a policy of National Service Life Insurance in the amount of $10,000 (Policy No. N–1229 39 47); that this policy was renewed, effective June 10, 1951 (as Policy No. V–917 61 97); that in August 1951, the insured executed a change of beneficiary form designating John C. Wyatt, the plaintiff, described as father, as the sole beneficiary; that premiums on this policy were paid through November 9, 1947; that on October 27, 1947, the Veterans Administration rendered a decision holding that the insured was totally disabled for insurance purposes, effective March 10, 1947, and a waiver of premiums was granted under the policy; that this waiver continued in effect until terminated on April 9, 1952 because of the insured's

failure to furnish evidence requested by the Veterans Administration to show that his total disability continued.

2. That on November 20, 1951, while the waiver of premiums was in effect, the Veterans Administration sent a letter to the insured requesting that he furnish the Veterans Administration, within thirty (30) days, current information relative to his employment status in order to avoid a possible discontinuance of disability insurance benefits; that a second letter containing a request of a similar nature was sent to the insured by the Veterans Administration on January 2, 1952; that the insured failed to respond to these two letters and did not supply the evidence requested.

3. That on March 13, 1952, the Veterans Administration made a determination that the insured had failed to cooperate because of his failure to supply the information requested by the letters dated November 20, 1951, and January 2, 1952, and that the waiver of premiums on his policy should be terminated as of April 9, 1952.

4. That by registered letter dated March 14, 1952, the Veterans Administration notified the insured that the waiver of premiums would be terminated effective April 9, 1952, due to his failure to cooperate and furnish the information requested in the letters dated November 20, 1951 and January 2, 1952; that in order to maintain the insurance in force it would be necessary for him to resume payment of premiums within thirty (30) days from the due date of the next monthly premium, April 10, 1952; that if the premiums were not paid the insurance would lapse; that if he believed the decision cancelling the waiver was not in accordance with the law and regulations he had a right to appeal to the Administrator of Veterans Affairs within a year from the date of the letter; that by registered letter dated June 11, 1952, he was referred to the letter of March 14, 1952, and was again informed of the decision terminating the waiver and of his right to appeal therefrom.

5. That the insured did not reply to the letters dated March 14, 1952 and June 11, 1952, did not appeal from the decision and did not tender payment of premiums on the policy; that the insured did not thereafter apply for a waiver of premiums or tender any premiums to the Veterans Administration or make any attempt to reinstate his policy before his death.

6. That the insured died on July 11, 1959, as a result of a coronary occlusion.

7. That the insured was hospitalized at the Veterans Administration Hospital, Excelsior Springs, Missouri, on four separate occasions, to-wit, December 12, 1947 to July 20, 1948, October 27, 1948 to December 16, 1948, March 26, 1949 to March 3, 1950, and from March 9, 1955 to September 11, 1956, and at the Veterans Administration Hospital, Kansas City, Missouri, from November 14, 1957 to December 5, 1957; that from March 3, 1950 to about March 9, 1955, and from September 11, 1956 until his death on July 11, 1959, the insured's tubercular condition was arrested and inactive.

8. That the insured's disability for which he received hospitalization and treatment from the Veterans Administration after the discontinuance of the premium waiver on April 9, 1952, was not, in the opinion of the Government physicians who examined and treated him, of such a nature as to preclude the pursuit of a light occupation without material injury to health for substantial periods; that post hospital follow-up physical examinations conducted by Veterans Administration physicians in 1954, 1956 and 1957 indicated that the insured was able to do light work without injury to his health.

9. That, notwithstanding the opinion of the Government physicians, it is the opinion of the Court that the other evidence showed that it was a fact that the insured was unable to pursue any steady remunerative employment for any substantial period of time; that the insured was in fact disabled to the extent that he would probably have been entitled

to a waiver of premiums under the terms of the policy had he cooperated with the officials.

10. That the evidence covering the period of the insured's hospitalization at the Veterans Administration Hospital, Excelsior Springs, Missouri, in 1955–1956 showed that he was mentally clear and capable of taking care of his personal affairs, including cooperating with the Insurance Division of the Veterans Administration for the purpose of furnishing information regarding his employment.

11. That the evidence did not show that the insured was suffering from a mental or physical disability which would have prevented him from applying for a waiver of premiums or paying premiums on his insurance policy, and failure to do either during the period elapsing between April 9, 1952 and his death was not due to circumstances beyond his control; that while the evidence showed that the insured was disabled to an extent that he probably would have been entitled to a waiver of premiums, he was not so physically or mentally disabled as to be unable to cooperate.

12. That a claim for insurance benefits presented to the Veterans Administration by the plaintiff after the insured's death was denied, creating a disagreement.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and the subject matter of this cause of action.

2. The waiver of premiums for continuous total disability of more than six months duration which the Veterans Administration granted upon the insured's application was properly discontinued under the statutes and regulations because of the insured's "failure to cooperate" after he had failed to respond to the letters sent to him by the Veterans Administration requesting evidence concerning his employment for the purpose of determining whether his total disability continued.

3. The Administrator of the Veterans Administration under the Statute (§ 712, Title 38 U.S.C.) may not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans Administration of application for the same unless the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control.

4. The burden of proof is upon the plaintiff to establish that the insured's failure to make timely application for waiver of premiums during his lifetime, or his failure to cooperate with with Veterans Administration in the determination of whether the disability continues was due to circumstances beyond his control.

5. The National Service Life Insurance policy sued upon lapsed in accordance with its terms for non-payment of the monthly premium due April 10, 1952, or within the 31-day grace period allowed therefor.

6. The National Service Life Insurance policy sued upon was not reinstated or revived after its lapse on April 10, 1952, and was in a state of lapse when the insured died of a coronary occlusion on July 11, 1959, seven years later.

7. The insured's failure to cooperate, to appeal, or to file a timely application for waiver, after the waiver of premiums which he had been granted was discontinued, was not due to circumstances beyond his control within the meaning of that language as used in the statute as the evidence did not establish that the insured was either mentally or physically unable to file an application or to respond to the letters sent to him, or ignorant of his condition.

8. As the policy sued upon lapsed for non-payment of the monthly premium due April 10, 1952, in accordance with its terms and was in a state of lapse on the date of the insured's death, the United States is not liable thereunder.

9. In the opinion of the Court, the evidence adduced in the case at bar, and the facts proved thereby, do not bring this case within the circumstances to which the rule announced in United States v. Barnett, 5 Cir., 230 F.2d 926, applies.

Judgment will be entered in accordance with these findings of fact and conclusions of law.

It is so ordered.